400 So.2d 889 (1981)
STATE of Louisiana
v.
Mibon HUDGINS.
No. 80-KA-2887.
Supreme Court of Louisiana.
June 22, 1981.
*890 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Louise Korns, Asst. Dist. Attys., Beverly Zervigon, student practitioner, for plaintiff-appellee.
Michael Gallagher, John Standesh, Loyola Law School Clinic, New Orleans, for defendant-appellant.
CUTRER, Justice Ad Hoc.[*]
Defendant, Mibon Hudgins, was charged by bill of information with the theft of property valued at $160.86, a violation of La.R.S. 14:67. Defendant filed a motion to suppress evidence on February 21, 1980. A hearing was held on February 25, 1980. The trial court denied defendant's motion on March 10, 1980. On March 13, 1980, after defendant waived trial by jury, he was found guilty of theft of property valued at $107.89. Defendant waived delays and was sentenced to serve six months in parish prison. Sentence was suspended and the accused was placed on active probation for one year. Defendant now weeks review of the trial court's denial of his motion to suppress before the court. The defendant appeals on the basis of two assignments of error.

ASSIGNMENT OF ERROR NUMBER I
The first assignment of error brings up the issue of whether the trial court erred by overruling defendant's motion to suppress the evidence. This assignment encompasses two issues.
The defendant first argues that there was not reasonable cause for his detention. The defendant further contends that the search of the shopping bag, which he carried, was illegal.
Evidence adduced at the hearing on the motion to suppress showed the following:
*891 Horace J. Thomas was employed as a store detective[1] by Maison Blanche, Inc., at their Canal Street store in the city of New Orleans. The 72 year old defendant, Mibon Hudgins, was also employed by Maison Blanche as a security guard. Each Sunday at 9:00 A. M. Thomas would arrive at the closed store to relieve the defendant who worked the night shift. Thomas testified that he had been relieving the defendant each Sunday for approximately 9 years. The defendant customarily left the store carrying a shopping bag. The bag, each Sunday, appeared to be only partially filled and did not present any particular basis for concern by Thomas. For several Sundays, prior to the day in question, however, Thomas had noticed that defendant would leave with a full shopping bag or, on one occasion, a box which was closed and tied. Thomas informed his supervisor of defendant's recent activity but it was decided to wait and further observe the activities of the defendant.
On January 6, 1980, when Thomas arrived to relieve the defendant, the accused was again carrying a very full shopping bag with a napkin placed over the top which obstructed the view of the contents. Thomas asked to check the bag as the two stood in the store's doorway. The defendant replied that it contained his personal belongings and attempted to walk away, heading for the sidewalk. Thomas pulled him back into the store and relocked the door. He reminded defendant of the store's policy that an employee may be searched for packages upon demand. The defendant again refused to allow his bag to be checked. Thomas then went to a telephone and attempted to call his supervisor and, as he did, the defendant started to walk back into the store. Thomas approached the defendant and began wresting the bag from him. The bag fell to the floor and the merchandise (including aprons, bowls and a cookie maker) was exposed and could be seen by Thomas. The defendant was then handcuffed and held for the police.
La.C.Cr.P. art. 215 provides as follows:
"A. A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
"A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest."
This statute provides that a person may be detained if the detaining officer, merchant or employee has reasonable cause to believe that such person has committed a theft of goods held by a merchant.
Reasonable cause for an investigating detention is something less than probable cause. It requires, however, that the detaining officer have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. State v. Edsall, 385 So.2d 207 (La.1980).
The determination of whether a merchant, employee or officer had reasonable cause to detain a person suspected of shoplifting is a factual question to be decided by the trier of fact. The decision of the trial judge that reasonable cause to detain the defendant existed in this case will not be reversed in the absence of a manifest abuse of discretion. Under the facts and circumstances, as heretofore reiterated, the trial court's ruling, that defendant's detention was lawful, cannot be considered an abuse of discretion.
*892 Having held the defendant's detention valid under art. 215, we next inquire into the legality of the search.
Article 215 allows the use of "reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes." Implicit in this provision for detention is the authority to search the person of the suspect, or articles in his possession. That search, of course, must be reasonably related to the investigatory purposes of the detention, and conducted in a reasonable manner. State v. Nelson, 354 So.2d 540 (La. 1978).
In this case, Thomas physically prevented the accused from leaving the store once he refused to allow inspection of his shopping bag. The defendant was escorted back into the store where Thomas attempted to call his supervisor. Defendant again made an attempt to leave by going back into the store. Thomas' belief, that either the defendant might escape or that the evidence would be lost, destroyed or returned to its rightful places in the store, would justify Thomas' actions which consisted of wresting the bag from defendant, which bag fell to the floor, exposing the merchandise. The force used by Thomas in the face of defendant's attempt to avoid a detention and search was reasonable and legally justified under the facts presented.[2]
This case is distinguishable from that presented in State v. Nelson, supra, where the suspect shoplifter was cuffed, strip-searched and, when it was believed that the stolen merchandise was in his mouth, grabbed around the neck and held until he spat blood. The unreasonable physical measures used in that case were not present here.
As the initial detention of defendant and subsequent search of his possessions were reasonable and valid under the circumstances, this assignment has no merit.

ASSIGNMENT OF ERROR NUMBER II
In this assignment, defendant complains that the trial court erred by allowing hearsay testimony to prove the identity of the merchandise and its value.
At defendant's trial, the state witness (and sole witness), Horace Thomas, the store detective who detained the accused, was asked to identify the shopping bag the defendant had attempted to remove from the store and the items that were found in it. Thomas was asked if he could identify the merchandise as having come from Maison Blanche. Defendant objected on the ground that the witness hadn't been qualified to make such an identification. The State then proceeded to qualify Thomas to make such identification.
In response to the prosecutor's questions, the witness testified that pursuant to his employment as a store detective at Maison Blanche he had been given authority to testify on behalf of the store in court proceedings. Thomas stated that he had acted in such a capacity in the past and had also served as an agent of Maison Blanche. He further stated that he was familiar with the method in which the store tagged its merchandise and could easily identify the items as property of Maison Blanche. The defendant then repeated his objection which was overruled by the trial court. The defendant assigns that ruling as error, asserting that the testimony was hearsay.
As set forth in State v. Bazile, 386 So.2d 349, 352 (La.1980):

"Hearsay evidence is testimony in court, or written evidence, of an out-of-court statement offered to show the truth of the matter asserted therein and resting for its value upon the credibility of the out-of-court asserter. State v. Martin, 356 So.2d 1370 (La.1978); McCormick on Evidence, § 246 (2d ed 1972). The traditional exclusion of hearsay evidence is based upon considerations of unreliability and of potential unfairness to the accused to permit the introduction of out-of-court statements which cannot be tested *893 by cross-examination of the out-of-court declarant. State v. Arbuthnot, 367 So.2d 296 (La.1979)."

The testimony of Thomas was not hearsay, however. Before the admission of this testimony, the State laid an adequate foundation for such identification testimony. The witness then identified the exhibits as the merchandise that was seized from the defendant when he was detained in the store. The witness also identified the evidence as having originally been the property of Maison Blanche by recognizing his identification marks and the price and inventory tags that were attached thereto.
The identification testimony of Thomas was properly admitted into evidence. In the case of State v. Paster, 373 So.2d 170 (La.1979), this court stated:

"To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case.... For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Drew, 360 So.2d 500 (La.1978)."

The identification of objects by Thomas goes to the weight of such evidence rather than its admissibility.
The defendant also contends that Thomas was not qualified to testify as to the value of the merchandise. The record reflects that Thomas was asked to identify each item as being one of the items contained in the bag of defendant. As he identified each item he read the price reflected on the price tags of ten of the thirteen items sought to be introduced. The remaining three items contained no price tags but the price was marked upon the item. Thomas was not called upon to express any opinion as to value.
The identification testimony of Thomas was properly admitted by the trial court. The trial court was free to give the testimony such weight as it saw fit in making a determination of identification and value.[3]
The record reflects that thirteen items were identified by Thomas but three of those items contained no price tag. The price was marked upon the item by Thomas' supervisor, after he ascertained the value by calling Maison Blanche. The record reflects that the trial court did not consider these three items in arriving at a total value of the merchandise introduced into evidence. The trial court, in arriving at the value of $107.89, only considered the value set out on the identified price tags of the remaining ten items. We find no error in this determination of value of the property stolen.
This assignment of error lacks merit.
For these reasons the conviction and sentence of defendant are affirmed.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
REDMANN, J. Pro Tem., dissents with reasons.
LEMMON, Justice, concurring.
I do not necessarily agree with the statement in the majority opinion that C.Cr.P. art. 215 implicitly grants a merchant the authority to search a person who has been legally detained "for questioning" under the article. It is not necessary, however, to decide that issue in this case.
Here, Thomas was a commissioned officer who had the right to search defendant, because he had reasonable grounds to believe defendant had committed a theft of goods held for sale by the merchant.[1]
*894 REDMANN, Justice Pro Tem., dissenting.
This Court is unconstitutionally constituted and an accused is denied due process of law by his or her case's being referred to it instead of the Louisiana Supreme Court as constituted by La.Const. Art. 5, §§ 1, 3 and 4, to which this Court should order this case referred.
See the writer's dissent, State v. Petterway, La.1981, 403 So.2d 1157, 1161.
NOTES
[*] Judges Cecil C. Cutrer, Court of Appeal, Third Circuit; William V. Redmann and Thomas J. Kliebert, Court of Appeal, Fourth Circuit; participated in this decision as Associate Justices ad hoc; joined by Associate Justices Pascal F. Calogero, Jr; James L. Dennis; Fred A. Blanche, Jr. and Harry T. Lemmon.
[1] This witness testified that he had been issued a commission by the city.
[2] Also given the store's policy authorizing the search of employees' packages upon demand, defendant here had little or no reasonable expectation of privacy in his shopping bag.
[3] It is necessary for the State to establish the value of the property subject to a theft as La.R.S. 14:67 establishes severity of penalties according to the value of the property stolen.
[1] Moreover, as an employee defendant had consented to having his packages searched on demand when leaving the store.