LINDSAY, Judge.
Plaintiff, Rosalind J. Loyd, appeals the judgment of the trial court in favor of defendant, Howard Brothers Discount Stores, in her action for damages. We affirm the judgment of the trial court for the following reasons.
The record established that on or about June 17, 1983, plaintiff entered the defendant’s store located in Monroe, Louisiana in order to purchase a pair of pantyhose. After making the purchase, plaintiff went to a dressing room to put on the hose, carrying her purse and her package. A salesclerk, Janice Oliver, allowed plaintiff to enter the dressing room. Plaintiff put on the pantyhose and placed the empty package in her purse. Plaintiff then exited the dressing room carrying only her purse. Shortly thereafter, another salesclerk, Sue Neal, noticed an empty clotheshanger in plaintiff’s dressing room and notified Ms. Oliver. Ms. Oliver followed plaintiff in the store and yelled “Miss, Miss, where is the merchandise you had?” Plaintiff produced her receipt and provided an explanation. It appears that plaintiff then became somewhat loud and hysterical. Plaintiff was later escorted from the front of the store by Mr. William Hall, a security guard for the store.
Plaintiff instituted this action for damages on January 10, 1984 alleging that without probable or reasonable cause, the defendant’s employees falsely detained her for approximately one hour and compelled her to go to the rear of the store for the purpose of discovering stolen property, even though plaintiff had produced a receipt for her purchase. As a result of this incident, plaintiff alleged she suffered humiliation, embarrassment and emotional distress.
At the trial on the merits, plaintiff testified she went in the defendant’s store to purchase a pair of pantyhose to wear. Plaintiff testified that after putting on the pantyhose, she walked toward the front of the store and was stopped near the service desk by Ms. Oliver. Plaintiff testified Ms. Oliver stated to her that there was an empty clotheshanger in the dressing room. Plaintiff testified that when questioned by Ms. Oliver, she immediately opened her purse and produced her receipt. Plaintiff testified that it appeared that the activities attracted the attention of a good number of people, causing her to feel embarrassed. Plaintiff testified another clerk at the service desk also began to question her. Mr. Hall arrived later and requested that she accompany him to the rear of the store. Plaintiff stated that she became hysterical and began to speak in a loud tone of voice.
Steve French, Regional Manager of Howard Brothers Stores, testified plaintiff registered a complaint with him about the incident in the store. French stated that he did not take action on plaintiff’s complaint as he felt the store employees had acted correctly. French testified that once a customer presented a receipt for merchandise which was verified, the customer would be released immediately.
Sue Neal testified she observed plaintiff leave the dressing room with no merchandise and upon looking in the dressing room, she found an empty hanger. Ms. Neal immediately notified Janice Oliver, the salesclerk who allowed plaintiff to enter the dressing room, of this fact. Ms. Neal testified that Ms. Oliver stated she did not recall what merchandise plaintiff had carried into the dressing room and “went after” plaintiff.
Janice Oliver testified she allowed plaintiff to enter the dressing room. Ms. Oliver stated she was busy at the time and did not recall what merchandise plaintiff had carried into the dressing room. Ms. Oliver stated that after being notified of the empty clotheshanger, she “hollered Ma’am” twice to attract plaintiff’s attention. After plaintiff produced her bag and receipt, Ms. Oliver testified she returned to her department and plaintiff began to speak with the clerk at the service desk. Ms. Oliver testified plaintiff was speaking loudly and that plaintiff was drawing attention to herself.
Kyla Taylor, the clerk at the service desk, testified plaintiff attracted her attention as she was speaking loudly with Ms. *1082 Oliver. Ms. Taylor testified she asked plaintiff what the problem was and plaintiff stated she did not appreciate being accused of stealing. Ms. Taylor testified that she asked to see plaintiff’s receipt. Ms. Taylor stated plaintiff was upset, very loud and creating a scene. Ms. Taylor then called the Security Department to help settle the matter. Ms. Taylor testified she did not detain plaintiff.
William Hall, the security guard with the defendant store, testified he simply asked plaintiff “what’s wrong” to which plaintiff responded in a somewhat belligerent fashion. Hall later identified himself and asked plaintiff to accompany him away from the front of the store. Hall testified plaintiff was speaking quite loudly and was upset. Hall stated he never accused plaintiff of stealing but rather was trying to calm her and to end the disruption which was distracting to other customers. Hall testified that he did not detain her but rather plaintiff accompanied him on her own volition. Hall stated that he apologized to plaintiff on behalf of the store.
The trial court found that plaintiff was never accused of shoplifting any merchandise and in fact had created the incident by leaving the dressing room without a package. The court further found that Ms. Oliver had reasonable cause to ask about the merchandise plaintiff had in her possession upon entering the dressing room. Upon plaintiff’s production of her receipt for Ms. Oliver, the court noted that would have ended the matter. However, plaintiff’s conduct caused Ms. Taylor to become involved and eventually resulted in Mr. Hall’s intervention. The court found that none of the employees told plaintiff she was being detained and plaintiff was at liberty to leave at all times.
On appeal, it appears that the only issue before this court is whether the trial court erred in denying plaintiff’s claim for damages.
LSA-C.Cr.P. Art. 215 provides in pertinent part as follows:
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
The “... determination of whether a merchant, employee or officer had reasonable cause to detain a person suspected of shoplifting is a factual question to be decided by the trier of fact. The decision of the trial judge that reasonable cause to detain the defendant existed ... will not be reversed in the absence of a manifest abuse of discretion.” State v. Hudgins, 400 So.2d 889 (La.1981) at 891.
From the record, it appears that the trial court was not clearly wrong.
The evidence established that plaintiff entered the dressing room with merchandise in her possession. When plaintiff left the dressing room, it did not appear to observers that the plaintiff had the merchandise, as she had put the pantyhose on and placed the empty bag in her purse. This fact alone is sufficient to provide the reasonable cause required by LSA-C.Cr.P. Art. 215 to initially question the plaintiff. Furthermore, the presence of the empty clotheshanger in the dressing room, while perhaps an unfortunate coincidence, acted to justify a finding of reasonable cause for plaintiff’s detention by the salesclerk, Ms. Oliver.
The case cited by the plaintiff is inappo-site to the instant case. In Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir.1975), writ denied 328 So.2d 887 (La.1976), the court found that the store did not have reasonable cause to believe that a customer had committed a theft. However, the court found that there was a discrepancy as to the exact number of garments that the customer had in her possession prior to *1083 her entry to the dressing room and the employee who had the duty to check the number of garments failed to straighten out the discrepancy.
The record in this case established that the store employees acted courteously throughout the incident and did not unnecessarily draw attention to the plaintiff. The employees did not specifically accuse nor imply that the plaintiff had shoplifted any merchandise. Rather, it appears that the loud and hysterical conduct of the plaintiff protracted the incident and attracted the attention of the other customers. Plaintiff was detained briefly by Ms. Oliver and upon production of her receipt, Ms. Oliver returned to her department. The testimony shows that from this point, plaintiff was free to leave the store at any time. The intervention of Ms. Taylor and Mr. Hall were attempts to ascertain the nature of the problem and to calm the plaintiff. Plaintiff was not compelled to accompany Hall to the rear of the store but rather did so of her own volition. Hall simply requested that plaintiff leave the front of the store as she was creating a scene and distracting other customers.
For these reasons, the judgment of the trial court in favor of defendant, Howard Brothers Discount Stores, is affirmed at plaintiff’s costs.
AFFIRMED.