525 So.2d 111 (1988)
Jeanette WILSON, et al., Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
No. 87-61.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
*112 Edward Larvadain, Alexandria, for plaintiff-appellant.
Bolen & Erwin, Gregory S. Erwin, Alexandria, for defendant-appellee.
Before DOMENGEAUX and LABORDE, JJ., and CULPEPPER [*], J. Pro Tem.
DOMENGEAUX, Judge.
Plaintiffs Jeanette Wilson and Debra Goodlow brought this lawsuit against the appellee, Wal-Mart Stores, Inc., alleging wrongful accusation of shoplifting and wrongful imprisonment. Jeanette Wilson failed to appear for the trial and the Trial Judge dismissed her claim.
A jury ruled in favor of Wal-Mart and against Mrs. Goodlow, concluding that Wal-Mart had reasonable cause to detain Ms. Goodlow and that the subsequent investigation of the alleged theft was performed in a reasonable manner. Debra Goodlow has appealed this ruling based on two assignments of error:
1. The jury erred in determining that Wal-Mart had reasonable cause to detain Ms. Goodlow.
2. The jury erred in determining that the subsequent investigation was conducted in a reasonable manner.

FACTS
On August 8, 1984, in a Wal-Mart department store in Alexandria, Mr. Richard Turner, the store's security guard, observed *113 two women shopping in the ladies clothing department. He saw one woman, later identified as plaintiff, Debra Goodlow, hand an article of clothing to another woman, later identified as plaintiff, Jeanette Wilson. Mr. Turner noticed Ms. Wilson roll up the clothing and hide it under her skirt. Watching them continuously from this time forward, Mr. Turner observed the women leave the store together without paying for the clothing. Once they were outside, Mr. Turner approached them and asked them to return to the store in order to be searched. The two women complied with the request and were brought to the invoice office, a room in the rear of the Wal-Mart store.
The general manager of Wal-Mart, Mr. Don Lingo and a clerical assistant, Ms. Donna Hawkins were working in the invoice room when Mr. Turner arrived with the two plaintiffs. Mr. Turner asked Ms. Hawkins to conduct a search of the two women while he and Mr. Lingo waited outside of the room. Ms. Hawkins had never searched anyone before and testified that she was very nervous and feared that the two women possessed weapons. Ms. Hawkins stood near the door and kept the door cracked for her own safety and in order to hear Mr. Turner's instructions on how to search the two suspects. Ms. Hawkins stood by the door and observed the two women, who stood approximately four to five feet away. They readily complied with her instructions to lift their skirts and shirts and pull down their pantyhose and undergarments. Mrs. Hawkins saw no hidden clothing but admitted that, due to her inexperience in searching, she did not keep the two women under constant supervision.
After Ms. Hawkins found no hidden clothing, the two women got dressed and quickly exited the room and store. Immediately thereafter, Mr. Turner entered the invoice room and saw a bundle of clothes on the floor pushed under a desk next to the area where the plaintiffs had been standing. Mr. Turner quickly ran after the two women who, by this time, had left the store. Mr. Turner ultimately caught Ms. Wilson but was unable to catch Ms. Goodlow. Both Mr. Lingo and Ms. Hawkins testified that the clothing hidden under the desk had not been in the invoice office prior to the entrance of the two women. In fact, earlier that day, Mr. Lingo had been searching for old invoices in this area on his hands and knees and he testified that this clothing had not been present.
Ms. Goodlow testified that after the two women had been forced to disrobe, Mr. Turner periodically peered through the doorway crack and laughed at the plaintiffs in their discomfort and embarrassment. Ms. Goodlow also stated that they were required to be nude for fifteen (15) minutes and the entire search lasted ninety (90) minutes. However, Ms. Hawkins, Mr. Turner and Mr. Lingo testified that neither Mr. Turner nor Mr. Lingo could see into the invoice room while the search was being conducted. Ms. Hawkins testified that the search lasted about two (2) minutes and Mr. Lingo stated that a total of thirty (30) minutes elapsed from the time the two women were searched until the police arrived to arrest Ms. Wilson.
After Ms. Wilson was brought back, she offered to pay for the clothes found in the invoice room. However, the store refused to accept payment. Wal-Mart pressed for criminal charges to be instituted against Ms. Wilson, but, for reasons undisclosed in the record, the charges were ultimately dismissed.
Ms. Goodlow testified that she did not know the co-plaintiff, Ms. Wilson and she had not been shopping with her on the day in question. However, Ms. Goodlow did admit that Ms. Wilson had spoken to her while she was in Wal-Mart. Ms. Goodlow testified that Ms. Wilson inquired as to whether Ms. Goodlow's "mother club" would be open later that evening. Ms. Wilson stated that on this day she had been shopping with her aunt and that she had purchased some bubble gum for her son and then left. She testified that she and her aunt had been telephoning her mother for a ride home when Mr. Turner approached them and asked Ms. Goodlow to return to the store.
*114 Ms. Wilson and Ms. Goodlow filed suit against Wal-Mart for wrongful accusation of shoplifting and wrongful imprisonment. After the Trial Judge dismissed Ms. Wilson's claim because of her failure to appear at trial, a jury rendered a verdict in favor of defendant-appellee, Wal-Mart and against plaintiff-appellant, Ms. Goodlow.
Ms. Goodlow has appealed this ruling.

REASONABLENESS IN DETAINING AND INVESTIGATING
Debra Goodlow contends that the jury made two errors: (1) in finding Wal-Mart had reasonable cause to detain her for suspected shoplifting, and (2) in finding that Wal-Mart conducted the investigation in a reasonable manner.
A merchant will be immune from civil liability if he can meet the requirements of an authorized detention as defined in La.C. Cr.P. art. 215(A)(1):
A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's permises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
Therefore, it must be shown that:
(1) the person effecting the detention must be a peace officer, a merchant or a specifically authorized employee of a merchant; (2) the party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) unreasonable force may not be used in detaining the suspect for interrogation; (4) the detention must occur on the merchant's premises; (5) the detention may not last longer than sixty minutes. Townsend v. Sears, Roebuck & Co., 466 So.2d 675 (La. App. 5th Cir.1985). Plaintiff argues that the defendant failed to meet the second and third requirements.
The words "reasonable cause" for an investigatory detention is something less than probable cause. The detaining officer must have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. State v. Hudgins, 400 So.2d 889 (La.1981); State v. Edsall, 385 So.2d 207 (La. 1980). In addition, the determination of whether there was reasonable cause to detain a person is a factual question to be decided by the trier of fact and his determination will not be reversed in the absence of a manifest abuse of discretion. State v. Hudgins, supra; Guidry v. IGF, Incorporated, 332 So.2d 515 (La.App. 3rd Cir.1976).
At the trial, Mr. Turner and Ms. Goodlow testified as to whether or not Mr. Turner had reasonable cause to detain Ms. Goodlow for suspected shoplifting. According to Mr. Turner he had been observing the two women shop together. He saw Ms. Goodlow hand an article of clothing to Ms. Wilson, who proceeded to hide the merchandise under her skirt. The two women then left the store together without paying for the clothing. The two women were still together when Mr. Turner approached and requested them to return to the store.
Conversely, Ms. Goodlow testified that she did not even know Ms. Wilson prior to the day in question. She claimed to have been shopping with her aunt on this day and she purchased some bubble gum for her son prior to leaving the store. She stated that she was with her aunt and she was calling her mother for a ride home when Mr. Turner approached her and asked her to return to be searched.
Ms. Goodlow's version of events was uncorroborated by any other witnesses or evidence, such as the aunt who allegedly accompanied her or the receipt of her alleged gum purchase. Additionally, the veracity of Ms. Goodlow's claim of unfamiliarity with Ms. Wilson was undermined by Ms. Goodlow's own admission that while in Wal-Mart, Ms. Wilson had asked Ms. Goodlow if her "mother club" would be open *115 later that evening. This question clearly indicated knowledge of and familiarity between the two women. Furthermore, it was not unreasonable for Mr. Turner to also suspect Ms. Goodlow of hiding clothes even though only Ms. Wilson was observed hiding clothing under her skirt since the two women had been seen shopping and leaving together and Ms. Goodlow had been seen handing merchandise to Ms. Wilson that was subsequently hidden.
Where there is conflicting testimony, a reasonable evaluation of credibility made by the trier of fact should not be disturbed on appellate review unless manifestly erroneous. Senegal v. George Theriot's, Inc., 445 So.2d 137 (La.App. 3rd Cir.), writ denied, 448 So.2d 114 (La.1984). We find no manifest error in the jury's evaluation of the testimony presented at trial or in their conclusions that Wal-Mart had reasonable cause to detain Ms. Goodlow for suspected shoplifting. We therefore, find no merit in plaintiff's first assignment of error.
The plaintiff next contends that the jury erred in concluding that Wal-Mart acted reasonably in their subsequent search. La.C.Cr.P. art. 215 requires that the detention and interrogation be conducted using only reasonable force. Implicit in this provision for detention is the authority to search the person of the suspect, or articles in his possession. That search, of course, must be reasonably related to the investigatory purposes of the detention, and conducted in a reasonable manner. State v. Hudgins, supra; State v. Nelson, 354 So. 2d 540 (La.1978).
It was uncontroverted that Mr. Turner requested that both ladies return to the store to be searched and they readily complied. Thus, no physical force was used to bring the plaintiffs back into the store. Additionally, all witnesses testified that Ms. Hawkins conducted the search of the two women by ordering them to lift their shirts and skirts and then lower their pantyhose and undergarments. The three witnesses for Wal-Mart testified that the entire search took between two and five minutes and a total of thirty minutes elapsed from the search until the police arrived. These witnesses also stated that no one besides Ms. Hawkins observed the two women.
Ms. Goodlow testified that she was forced to remain unclothed for fifteen minutes and the entire search lasted ninety minutes. She also stated that Mr. Turner continuously peered through the door crack and laughed at the two women while they were nude.
The testimony at trial showed that the invoice room was a long, rectangularshaped room with the doorway located near a corner. The door opened onto the back wall of the room. The two women were placed on the opposite side of the room, several feet away from the doorway. Thus, since the door opened onto the back wall of the room and the plaintiffs were not within the line of vision of someone looking through the door crack, the defense eliminated the possibility that someone could have peered at the plaintiffs while they were disrobed. Additionally, the search conducted by Ms. Hawkins, including the removal of the pantyhose and undergarments does not appear to be an unreasonable use of force in light of the fact that Mr. Turner observed merchandise being hidden under Ms. Wilson's skirt. The jury believed Wal-Mart's witnesses in their estimate of the length of time the search lasted as opposed to Ms. Goodlow's estimate. We find no manifest error in this determination.
Based on the foregoing reasons, we find no manifest abuse of discretion in the jury's determination that Wal-Mart used reasonable force in conducting the detention and investigation. Accordingly, for the foregoing reasons, we affirm the findings of the jury.
Costs on appeal are to be paid by the appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.