551 So.2d 18 (1989)
STATE of Louisiana
v.
Robert JONES.
No. 89-KA-0136.
Court of Appeals of Louisiana, Fourth Circuit.
September 28, 1989.
*19 Martin E. Regan, Jr., Rene DeRojas, Regan & Associates, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, CIACCIO and BECKER, JJ.
CIACCIO, Judge.
Defendant, Robert Jones, was charged by bill of information with a violation of La.R.S. 40:967, possession of cocaine. Defendant filed a motion to suppress the evidence, which was denied by the trial court on February 18, 1988. On May 3, 1988, a six member jury found defendant guilty as charged. Following a multiple bill hearing in which defendant was adjudged to be a second offender, he was sentenced to six years at hard labor. The defendant appeals on the basis of three assignments of error. Defendant also requests that we review the record for errors patent.
Facts
On November 14, 1987, police officers Timothy Dorsey and Larry Reech were working a paid detail as security guards at Sam's Wholesale Warehouse. The officers' duties were to watch for shoplifting activity within the store. Officer Dorsey was dressed in plain clothes in the rear of the store, while Officer Reech was stationed at the front entrance. Officer Dorsey began observing the defendant and a male companion *20 after he heard them making unwelcome passes at young ladies.
During the time Officer Dorsey was observing the subjects, he saw the defendant place something in his pocket from the shelf while in the tool department. Officer Dorsey also stated that the defendant's companion appeared to be acting as a lookout. Based on these activities, Officer Dorsey became suspicious that defendant may have been shoplifting, and he notified Officer Reech to stop the two men at the door.
Officer Dorsey then informed defendant that he was a police officer and that he suspected defendant of shoplifting. The officer questioned defendant as to what he had placed in his pocket, and defendant replied, "Nothing." Officer Dorsey then patted the defendant down and felt an object in his pocket. Upon Officer Dorsey's request, defendant removed a small black container and opened it slightly so that Officer Dorsey was able to observe several bags containing white powder.
At that point, defendant threw the container to his companion and told him to run. Officer Dorsey caught up with the second man in the parking lot, retrieving the container, which Officer Dorsey later determined was holding seventeen bags of cocaine. Defendant was then arrested for possession of cocaine and was also found to be in possession of $155.00 and a reader beeper.
Errors Patent
We have reviewed the record for any errors discoverable by a mere inspection of the pleadings or proceedings and have found none.
Assignments Nos. 1 and 2
Defendant's first two assignments raise the issue of whether the trial court erred in overruling defendant's motion to suppress the evidence. Defendant first argues that the officers did not have sufficient reasonable cause to justify a search of defendant.
The security guards' detention and subsequent search of defendant was based on the authority of La. C.Cr.P. art 215, the shoplifters' statute, which provides:
Art. 215. Detention and arrest of shoplifters A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
(2) A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods.
A complaint made to a peace officer by a merchant or a merchant's employee or agent shall constitute reasonable cause for the officer making the arrest.
B. If a merchant utilized electronic devices which are designed to detect the unauthorized removal of marked merchandise from the store, and if sufficient notice has been posted to advise the patrons that such a device is being utilized, a signal from the device to the merchant or his employee or agent indicating the removal of specially marked merchandise shall constitute a sufficient basis for reasonable cause to detain the person.
C. As used in this Article, "reasonable under the circumstances" shall be construed in such a manner so as to include the value of the merchandise in question, the location of the store, the length of time taken for law enforcement personnel to respond, the cooperation of the person detained, and any other relevant circumstances to be considered with respect to the length of time a person is detained.
Under this statute, reasonable cause for an investigative detention is something less than probable cause. Nevertheless, it requires that the detaining officer have articuable knowledge of particular facts sufficiently reasonable to suspect *21 the detained person of criminal activity. State v. Edsall, 385 So.2d 207, 209 (La. 1980); State v. Hudgins, 400 So.2d 889, 891 (La.1981). Absent a manifest abuse of discretion, the decision of the trial judge that reasonable cause to detain defendant existed should not be reversed on appeal. State v. Hudgins, 400 So.2d at 891.
In the present case, Officer Dorsey observed defendant in the aisle of the store leaning on the shelf, placing an object in his pocket, and then placing his handkerchief on top of that object. His suspicions were sufficiently aroused to believe that defendant may have been shoplifting. The trial judge at the motion to suppress hearing found that the officer had reasonable cause to detain the defendant under these circumstances. We find no abuse of the trial judge's discretion.
Defendant next complains that the search of defendant's person and the subsequent seizure of his personal objects went beyond the statutory authorization of C.Cr.P. art. 215. The search powers authorized by the statute are limited to the use of "reasonable" force "to detain a person for questioning". State v. Nelson, 354 So.2d 540, 542 (La. 1978).
Testimony established that once defendant had been stopped, Officer Dorsey frisked defendant to look for possible stolen items. He determined that defendant had an object in his front pocket, and asked defendant to identify it. Defendant then removed a container, opening it slightly upon Officer Dorsey's request. At this point, Officer Dorsey was able to observe what appeared to be contraband.
On appeal, defendant argues that Officer Dorsey violated his right against unreasonable searches and seizures when he asked defendant to show him what was in the container. Defendant contends that Officer Dorsey should have known at this point that a theft had not occurred and ended his search, citing Johnson v. Schwegmann Bros., 397 So.2d 868 (La.App. 4th Cir.1981). However, Officer Dorsey testified that he was not familiar with all of the store merchandise, and he was unable to determine at first glance whether the container or its contents may have been stolen property.
We are unable to find that Officer Dorsey's actions were unreasonable. These assignments lack merit.
Assignment No. 3
By his final assignment, defendant contends that the State failed to meet its burden to prove that defendant "knowingly or intentionally" possessed cocaine, as is required by La.R.S. 40:967(C)(2).
Louisiana courts have consistently held that guilty knowledge is an essential element of the crime of possession. State v. Knight, 298 So.2d 726 (1974); State v. Edwards, 354 So.2d 1322 (La.1978). Guilty knowledge and intent, though questions of fact, need not be proven as a fact, but may be inferred from the circumstances of the transaction. La.R.S. 15:445.
Defendant argues on appeal that the container belonged to his companion, and that he learned of its contents for the first time when he opened the container at the request of Officer Dorsey. However, the testimony given by Officers Dorsey and Reech indicate otherwise. According to the police officers, defendant at first tried to conceal the fact that he had the container in his pocket. Officer Dorsey requested that he remove the object several times before defendant complied. Further, when defendant opened the container, and only at the request of Officer Dorsey, he did so in a manner so as to prevent the officers from completely viewing its contents. Seconds later, he threw the container to his companion and told him to run with it.
We find that the jury could have reasonably inferred from the defendant's behavior that he had knowledge that the canister contained cocaine. The record supports this conclusion. This assignment is without merit.
Accordingly, for the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.