574 So.2d 502 (1991)
Andrea JOHNSON, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 89-762.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
*503 Michael Shannon, Alexandria, for plaintiff/appellee.
Bolen & Erwin, Gregory Erwin, Alexandria, for defendant/appellant.
Before DOMENGEAUX, C.J., and LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff, Andrea Johnson, brought this suit against defendant, Wal-Mart Stores, Inc. (Wal-Mart), for damages stemming from her detention and subsequent arrest for shoplifting on December 13, 1984. After a trial on the merits, the trial court rendered judgment on February 25, 1987, in favor of plaintiff and against defendant for the sum of One Thousand and no/100 ($1,000.00) Dollars with legal interest from the date of judicial demand until paid and for all costs of the proceedings. From this judgment defendant appeals. We reverse.

FACTS
On March 11, 1987, the trial court granted a suspensive appeal to Wal-Mart. However, because the transcript of the trial was inadvertently destroyed in a fire, the case was remanded to the trial court. Subsequent to the remand a Joint Stipulation as to Facts was submitted by the parties pursuant to LSA-C.C.P. arts. 2130 and 2131, in order to complete the record on appeal. The Joint Stipulation was entered into the record on July 10, 1989, and transmitted to this court so that the suspensive appeal of Wal-Mart could proceed.
The salient facts as found in the Joint Stipulation are as follows. Plaintiff went to Wal-Mart on December 13, 1984, with her mother, Theresa Johnson, and a friend, Beverly Johnson. The three of them started using one cart but plaintiff's mother left to shop elsewhere. Plaintiff and Beverly went to look at some purses which were on sale and they each picked up a purse and put it in their basket. Plaintiff then left the buggy to get a package from layaway and subsequently returned to the buggy. After plaintiff got some washing powder and the two women looked at some Christmas stockings, they proceeded to a check-out line. Both purchased purses. Plaintiff checked out first, leaving Beverly with the buggy. After being checked out, plaintiff went back to the check-out line in order to purchase a calculator. At this time Beverly was in the aisle between the check-out counter and the front of the store, leaning on the buggy. Plaintiff then saw a Wal-Mart employee point at her.
An employee of Wal-Mart at that time, Ruth Price, observed the actions of plaintiff and Beverly at the check-out counter facing hers. She saw plaintiff pick up a black purse and place it in the return merchandise buggy. Plaintiff then walked over to the layaway counter. Beverly concealed the purse under other packages in the return merchandise buggy. Plaintiff returned to the buggy and Mrs. Price saw her take the black purse out of the return merchandise buggy and put it back in their buggy. When Mrs. Price ascertained that the black purse had not been paid for, she called her manager. The store manager stopped both women and asked them to accompany him to the back of the store.
Officer Allen McBride of the Alexandria Police Department was dispatched to the scene in response to a call from Wal-Mart. He spoke to the two women and to Wal-Mart employees. Based on the information he obtained, he placed the two under arrest. Plaintiff and Beverly were taken to city jail and charged. Plaintiff pled not guilty at City Court and the charges against her were later dropped. Beverly pled guilty to the charge. Plaintiff then *504 brought the present civil suit against Wal-Mart.

REASONABLENESS OF THE DETENTION
On appeal, defendant, Wal-Mart, contends that the trial court erred in finding it liable for the illegal detention, false imprisonment and false arrest of the plaintiff.
A merchant will be immune from civil liability if he can meet the requirements of an authorized detention. At the time of the incident an authorized detention was defined in LSA-C.Cr.P. art. 215(A)(1) as follows:
"A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest."
Thus, it must be shown that: 1) the person effecting the detention is a peace officer, merchant, or specifically authorized employee or agent of a merchant; 2) the party making the detention has reasonable cause to believe that the detained person has committed a theft; 3) unreasonable force is not used in detaining the suspect for interrogation; 4) the detention occurs on the merchant's premises; 5) the detention does not last longer the sixty minutes. Wilson v. Wal-Mart Stores, Inc., 525 So.2d 111 (La.App. 3d Cir.1988).
Defendant argues that the trial court erred in finding that it did not have reasonable cause to detain plaintiff for suspicion of shoplifting.
"Reasonable Cause" under LSA-C.Cr.P. art. 215 is not synonymous with probable cause. Reasonable cause for an investigatory detention is something less than probable cause. It requires that the detaining officer have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal authority. Wilson v. Wal-Mart, Stores, Inc., supra; Townsend v. Sears, Roebuck & Co., 466 So.2d 675 (La.App. 5th Cir.1985). The test of liability is not based on the store patron's actual guilt or innocence, but rather on the reasonableness of the store employee's action under all the circumstances. Brown v. Hartford Insurance Co., 370 So.2d 179 (La.App. 3d Cir. 1979). Furthermore, the determination of whether there was reasonable cause to detain a person is a factual question to be decided by the trier of fact and his determination will not be reversed in the absence of a manifest abuse of discretion. Wilson v. Wal-Mart Stores, Inc., supra.
In its written Reasons for Judgment the trial court emphasized the fact that plaintiff did not attempt to hide her actions, but rather executed them in full view of two Wal-Mart employees. It stated:
"The first question to be answered is `Did the employees of Wal-Mart have reasonable grounds to detain Andrea Johnson?' The answer to that is very easy and simple. No! All of the acts committed in the presence of and observed by Ruth Price and Jessica Howell [Wal-Mart Store employees] clearly establish that Andrea Johnson did nothing that would even tend to suggest that she was attempting to steal the purse. Upon seeing it in the `check out basket,' she removed it and placed it in the `return merchandise basket'.
The return of the purse to the `check out basket' was not done in a surreptitious manner. To the contrary it was done in the full view of the two check out ladies and only after being requested to do so by Beverly Johnson. There was no reason for any of the employees to detain Andrea in connection with the attempted theft of the purse. The facts related by Mrs. Price and Mrs. Howell establish the absence of `reasonable cause' for detention of Andrea Johnson. It necessarily follows that there were no facts or circumstances present on the day in question that would lead any of the employees *505 of Wal-Mart to believe that Andrea Johnson had committed or was attempting to commit a theft."
We must disagree with the learned trial judge. Our review of the stipulated facts convinces us that it was reasonable for Wal-Mart store employees to believe that plaintiff and Beverly Johnson were trying to avoid paying for the purse. Mrs. Price certainly had sufficient knowledge through personal observation to lead her to suspect the plaintiff of criminal activity. She saw plaintiff pick up a black purse and place it in the return merchandise buggy. She also saw Beverly Johnson conceal the purse under other packages in the return merchandise buggy. Mrs. Price then witnessed plaintiff take the purse out of the return merchandise buggy and place it in their common buggy. Jessica Howell, the cashier who checked out the women, confirmed that the black purse that was found in the shared buggy had not been paid for when the women checked out of her line. At no time did plaintiff state that she intended to pay for the purse. Thus, the mere fact that plaintiff's actions were conducted in open view does not mean that the store's employees lacked reasonable grounds to suspect plaintiff of shoplifting.
Accordingly, we are compelled to find that the trial court was manifestly erroneous in failing to find that defendant had reasonable cause to detain the plaintiff. Further, there was absolutely no evidence presented of any unreasonable force used at any time during the detention or that the detention lasted longer than sixty minutes. Nor do we find that defendant acted unreasonably after plaintiff's initial detention and questioning so as to cause her arrest by the Alexandria police.
Thus, we find that the defendant's actions met the requirements of an authorized detention under LSA-C.CR.P. art. 215 and that defendant is immune from civil liability in the present case.[1]
Accordingly, the judgment of the trial court is reversed. All costs are to be borne by plaintiff.
REVERSED.
NOTES
[1] We note that the terms "illegal detention" and "false imprisonment" used by the trial court are synonymous. See Vincent v. State Through Dept. of Corrections, 468 So.2d 1329 (La.App. 1st Cir.), writ denied, 472 So.2d 34 (La.1985).