COVINGTON, Chief Judge.
Donald and Mary Jenkins, individually, and Mary Jenkins as natural tutrix of her minor son, Richard Antoine, Jr., brought suit against Wal-Mart Stores, Inc., and Wal-Mart’s insurer, National Union Fire Insurance Company of Pittsburg, Pennsylvania, alleging that Richard Antoine, Jr. was subjected to an invasion of privacy, defamation of character and false arrest as a result of an incident at Wal-Mart in Plaquemine, Louisiana on July 22, 1986. Wal-Mart and National Union answered generally denying the petition and alleging that if Antoine was, in fact, detained, it was for reasonable cause and only reasonable force was used. A judgment against defendants was entered by the lower court in the amount of $8,000.00. Defendants appeal suspensively from this judgment. We reverse.
Richard Antoine was accompanied to the Wal-Mart store on July 22, 1986, by Kenneth Lindsey. Antoine was fourteen years old; Lindsey was around ten years old. Antoine testified that two other boys also accompanied them, and that he, in fact, was not with Kenneth but with another boy; Kenneth and another boy were walking behind Antoine and “Brice.” Kenneth testified that he and Richard made the trip to Wal-Mart together, and their plan was to buy darts for Richard’s pellet gun.
Kenneth testified that when they arrived at Wal-Mart, they went to the department where the darts were kept, and looked at them. Richard said he didn’t have enough money, and that he would go back home and get some money for the darts; Kenneth then stated he would take the darts, and Richard told him not to do it. Kenneth in fact took the darts, and Richard left. Kenneth did not remember any other boys being present.
Richard testified that they all went to the Wal-Mart store to buy darts, and he went to the area of the store where the darts were. All four boys, according to Richard, were in the department. Richard testified he said he didn’t have enough money, and Kenneth said, “I’ll take them.” Richard told him not to do that, and walked off with Brice, one of the other boys, to buy some B-B’s. No other boys were called as witnesses.
The Wal-Mart security guard, Clinton Scott, Jr., testified that he was on duty that day in plain clothes, walking around the store with a shopping cart. He saw both boys come in the store, and saw them go to where the bicycles and tools were kept, then over to the back wall where the darts and B-B’s were located. He noticed both boys together, picking up things and looking around, “you know, like someone was watching to see if anything was coming or anything like that.” He saw Kenneth Lindsey put the darts in the front of his pants.
At that point, the boys hung back for a few moments, and then went towards the front of the store. He waited to see if they were going to pay for the darts, then watched them go outside without paying. When they went outside, he stopped Lindsey on the parking lot and asked what he had in his pocket. Both boys emptied their pockets, and Kenneth pulled out the box of darts. There was nothing in Richard’s pockets, although Scott vaguely remembered that a package of B-B’s may have been missing too.
Scott then showed them his badge and told them both to follow him into the store. They cooperated, and he took them into the back of the store into the manager’s office. There was no questioning done at that time, as it was Wal-Mart’s policy to call for the juvenile police officer to take the suspects to the police station, and the entire duration of detention on the Wal-Mart *23 premises was under one hour. Scott testified he never put his hands on the two boys. He did not put his hands in their pockets.[1] He thought that Antoine was acting as the “look-out” because the two boys were “traveling together.”
The juvenile police officer, Melanie Suarez, testified by deposition concerning the incident. She testified that it was police policy to take juveniles back in for questioning as it was more private at the police station and their parents could be present. She responded, with another officer, to a call from Wal-Mart to come to the store. The two boys were never arrested. At the station, Suarez testified, Kenneth initially stated that Antoine made him do it, but then backed down from that statement and admitted Antoine had nothing to do with it. She believed Richard’s statement that he had nothing to do with the incident, especially when corroborated by Kenneth.
Richard testified that he was all the way out in the parking lot when Scott yelled out for him; Scott testified that he was only five or ten feet away from the front of the building when he stopped him. Richard testified that “they” said that he made Kenneth take the darts. He testified that it embarrassed him in front of his friends that he was apprehended in front of Wal-Mart and was taken away to the police station in a marked police car. However, there was no other evidence of mental anguish or emotional distress caused by the incident.
La.C.Cr.P. art. 215 authorizes the detention and arrest of shoplifters under certain defined circumstances. A merchant will be immune from civil liability if he can meet the requirements set forth in this article. In pertinent part, the article reads as follows:
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
[[Image here]]
C. As used in this Article, “reasonable under the circumstances” shall be construed in such a manner so as to include the value of the merchandise in question, the location of the store, the length of time taken for law enforcement personnel to respond, the cooperation of the person detained, and any other relevant circumstances to be considered with respect to the length of time a person is detained.
Defendant argues that Scott’s action in detaining Richard Antoine was reasonable under the circumstances, even though Antoine did not actually take any merchandise, because the two boys were together and appeared to be working together to shoplift. Wal-Mart cites Wilson v. Wal-Mart Stores, Inc., 525 So.2d 111 (La.App. 3rd Cir.1988) as authority for this position. In Wilson, two women were apprehended for shoplifting clothes; the security guard saw one woman hand another woman an article of clothing, and the second woman conceal it under her skirt. The two women had been seen shopping together and leaving together. The court found that it was not unreasonable of the security guard to suspect both women of hiding clothes, even though only one woman had been observed doing so.
*24 “Reasonable cause” is something less than probable cause; it must be based on articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. Wilson, 525 So.2d 111 at 114. It is a factual question and a determination that reasonable cause did or did not exist will not be reversed absent manifest error or abuse of discretion. Wilson, 525 So.2d 111 at 114.
In this case, plaintiffs cite out-of-state cases for the proposition that where only one suspect has actually taken merchandise, there is not reasonable cause to detain another person who is merely associated with the suspect. They attempt to distinguish Wilson because in that case, the security guard actually saw the second woman hand merchandise to the woman who concealed the clothing.
We do not believe this is sufficient to distinguish the facts at hand from those of Wilson. Scott had articulable knowledge of certain facts sufficient to warrant detention of Antoine, just as the guard did in Wilson. He saw two boys enter the store and watched them look around them as though they were “checking out” the possibilities of being caught at shoplifting. He saw one of them put merchandise in his pants. He had reason to believe that Antoine was working in conjunction with Lindsey.
Antoine’s testimony about other boys present was not corroborated by either Lindsey’s or Scott’s testimony. It appeared to Scott that the two boys were “traveling together,” and he saw them head together towards the front of the store.
The test of liability is not based on the store patron’s actual guilt or innocence, but rather upon the reasonableness of the store employee’s action under the circumstances. Johnson v. Wal-Mart Stores, Inc., 574 So.2d 502 (La.App. 3rd Cir.1991). We cannot judge the reasonableness of actions after the fact, but must consider Scott’s behavior based upon his perceptions at the time the incident occurred. We believe that it was reasonable under the circumstances for Scott to detain both boys, and therefore find that it was a manifest abuse of discretion for the lower court to award judgment in favor of plaintiffs in this case.
The judgment of the trial court is reversed. All costs are to be assessed to plaintiffs.
REVERSED.

. Plaintiffs assert in brief that Scott put his hands in Antoine’s pockets. Antoine’s testimony does not corroborate this, and certainly Scott's contradicts it. Antoine testified as follows, at page fifty-four of the record:
A. I came back, and the man checked me to see if I had something and I had a bag in my hand with the B-B’s and he checked my pockets.
Q. He went into your pockets?
A. He told me to empty all of them to see what I had.
We do not find that this is evidence of unreasonable force under the circumstances.