KLIEBERT, Chief Judge.
This matter comes before us on a suspen-sive appeal taken by the defendant merchant, Sehwegmann Giant Supermarkets, Inc., from a judgment of the lower court which awarded damages to the plaintiffs for unlawful detention. For the following reasons, we reverse the judgment in favor of plaintiffs and render judgment dismissing their action.
This suit was filed by three young people, namely, Ted Estorge, Michele Trosclair and Kendra Remy, all of whom were 19 years of age when, on April 12, 1990, according to their petition, at defendant’s store at 3620 Veterans Boulevard, in Jefferson Parish, “after paying for their groceries were stopped by a store employee who grabbed their basket and made the following public statement: T believe you have something else that you didn’t pay for. Where is the other carton of cigarettes?’ ” following which they were physically detained and made to empty their pockets and purses.
The collective testimony of the plaintiffs is that they went into defendant’s store to purchase a few items preparatory to their going to Florida for their “spring break.” One of the three was a non-smoker and her purchases were kept separate. The other two purchased a carton of cigarettes and other items for which they paid. There is absolutely no question but that they neither attempted to steal nor stole anything, but paid for their purchases in full.
The defense contends there was “reasonable cause for an investigation detention” resting on the testimony of three security guards whose suspicions were aroused and who placed plaintiffs under surveillance principally because of the following facts.
When the three plaintiffs entered the store, they immediately picked up one carton of Marlborough Light 100 cigarettes. They were noticed by store personnel due to the excessive noise they made. Approximately 10-15 minutes later the liquor department supervisor reported an empty carton of Marlborough Light 100’s in his department. The three were then put under surveillance by three security guards.
After shopping, the plaintiffs got into the checkout line. Mr. Estorge left the line and, while in the drug aisle, he was observed taking an item from the shelf, start to put it in his pants, then return it to the shelf. As he made his way to the snack bar, he was observed for the first time as having a bulge in his pocket, the approximate size of two packs of cigarettes. He then returned to the checkout line and the three plaintiffs paid for their purchases and were subsequently detained by the Sehwegmann security personnel.
Code of Criminal Procedure Article 215 provides in pertinent part:
Detention and arrest of shoplifters
*1014 A (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
The test of whether a merchant is liable for unauthorized detention of a suspected shoplifter is not based on the suspect’s actual guilt or innocence, but, rather, on the reasonableness of the store employees’ action under all the circumstances. Johnson v. Wal-Mart Stores, Inc. 574 So.2d 502 (3rd Cir.1991).
Here the security officers clearly were reasonable in detaining plaintiffs for 25 minutes under the facts recited. The guards saw plaintiffs pick up a carton of cigarettes, then a store employee found an empty carton of the same brand of cigarettes. No bulges in Estorge’s pockets were noted when he initially entered the store but were subsequently seen and noted to be the size of two cigarette packs. Estorge was also observed taking an item from a shelf and beginning to place it in his pants and then returning it to the shelf. The security guards clearly were within their bounds to make an investigatory detention and the trial court’s holding otherwise is clearly error.
Accordingly, for the foregoing reasons, the trial court judgment is reversed and judgment rendered for defendant, dismissing the claim of plaintiffs. Plaintiffs to bear all costs.
REVERSED AND RENDERED