466 So.2d 675 (1985)
David W. TOWNSEND
v.
SEARS, ROEBUCK & CO.
No. 84-CA-451.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
*676 Edward C. Keeton, Gretna, for plaintiff-appellee.
Chaffe, McCall, Phillips, Toler & Sarpy, Marc G. Shachat, Gerald J. Daigle, Jr., New Orleans, for defendant-appellant.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Defendant appeals a judgment of the Second Parish Court, Parish of Jefferson, granting plaintiff the sum of $1,500.00, plus court costs and legal interest, as civil damages resulting from an incident just outside defendant's Oakwood store. We reverse.
Plaintiff avers that he had entered Sears in order to pick up some "charms" in which to place his child's picture, which pictures had been taken at Sears. After picking up the charms, he went over to the tool department to look at some sockets. He did not purchase the sockets. When he was finished examining them, he began to exit the store. Just outside the store, in the parking lot, plaintiff was approached by a man who identified himself as a security guard from Sears. He was accompanied by two other uniformed guards, presumably employed by Oakwood. By all accounts, the Sears guard stated to plaintiff:
"We think you have something that belongs to the store."
Plaintiff replied that all he had was some charms, and emptied his pockets, voluntarily. Plaintiff asked the guard if he wanted to search himthe guard merely turned and walked away. The incident took approximately 30-40 seconds, by plaintiff's account.
Plaintiff Townsend sued Sears for civil damages for humiliation, mortification, emotional distress and mental pain and suffering. Defendant invoked the privilege extended to shopkeepers, pursuant to La.C. Cr.P. Art. 215 A(1):
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
This portion of Art. 215 as amended is identical to the first paragraph of the original article. In discussing the question of the storekeeper's liability under this law, the Court in Thompson v. LeBlanc, 336 So.2d 344 (La.App. 1st Cir.1976), Writ Refused, stated:
The relevancy of Article 215, above, is best explained in Official Revision Comment (e) thereto, which states:
"... If the detention is authorized under the first paragraph, immunity from both criminal and civil liability will naturally follow. If the peace officer, merchant, or employee does not comply with the terms of the first paragraph, the detention will not be authorized and there should be no immunity."

*677 To meet the requirements of an authorized detention, as defined in Article 215, above, it must be shown: (1) The person effecting the detention must be a peace officer, a merchant or a specifically authorized employee of a merchant; (2) The party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) Unreasonable force not be used in detaining the suspect for interrogation; (4) The detention must occur on the merchant's premises; and (5) The detention may not last longer than sixty minutes.
Frank Wilson, a security assistant on duty at Sears at the time of the incident, testified that he and another security assistant were in the store office, in which eight video cameras, which monitor the store at various points, were located. The other assistant, Jeff Winn, alerted Wilson to suspicious activity in the tool department. Wilson then began to observe the camera, focused on plaintiff, and testified that he observed plaintiff walk to the edge of the aisles and place an object inside the bag plaintiff was holding. As Winn went into the store to stop plaintiff, Wilson continued to observe him on the camera.
Wilson testified that no film was made of the incident, as the camera focused on plaintiff was not recording at that time. After repeated questioning by counsel and the court, Wilson maintained that no video tape was made. Plaintiff Townsend also stated that he was told by the Sears personnel: "They said they didn't have any film."
In its reasons for judgment, the trial court stated (in part):
According to Louisiana Law, a merchant has the right to "detain" one suspected of shoplifting for a short period of time without being exposed to a suit for false arrest. However, in any case where a person is deprived of his liberty, even for a short period of time, the one doing the detaining must have "probable cause" to so detain a suspect. If defendant, as they testified, had seen the petitioner pick up a socket and place it in his pocket and had petitioner's actions on video-tape or even appeared to have accomplished such action, then certainly there would be probable cause to detain the petitioner until such time as they could ascertain whether he had in fact committed the theft. In this case, however, defendant testified that the petitioner's actions as they described them had been video-taped and yet failed to produce such video-tape. The court therefore does not believe that any such actions were video-taped and that the detaining of your petitioner with the "resulting embarrassment and humiliation" caused to him was the result of an overzealous security guard(s) and for that reason this court grants judgment in favor of petitioner.
We must disagree with the learned trial judge. It is our opinion that the existence or non-existence of any video tapes is not the issue in the present action, and the transcript of testimony (which was probably not available to the trial judge) indicates that the trial judge, in his reasons, may be confused as to whether Wilson had merely seen plaintiff on a camera (as Wilson testified) or whether such observation had also been recorded on video tape.
The uncontradicted statement of Frank Wilson that he personally observed plaintiff place an object into the bag he was holding supports our conclusion that defendant was authorized to detain Townsend.
"Reasonable cause" under article 215 is not synonymous with probable cause, when a detention, rather than an arrest, is involved.
Reasonable cause for an investigating detention is something less than probable cause. It requires, however, that the detaining officer have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. State v. Edsall, 385 So.2d 207 (La.1980).
*678 State v. Hudgins, 400 So.2d 889 (La. 1981).
The First Circuit said further:
Where the detention complained of is authorized by La.Code Crim.P. art. 215, the merchant will be immune from criminal and civil liability. For this privilege to be operative, that statute simply requires a reasonable cause in the mind of the merchant to believe that the person has committed a theft. The article does not address, and we are not concerned with, the state of mind of the person detained. That issue, the criminal intent, is relevant only in determining guilt or innocence of a criminal charge.

Mapes v. National Food Stores of Louisiana, Inc., 329 So.2d 831 (La.App. 1st Cir.1976)
Under the facts as stated above, the security officer in the present case, through his personal observation of plaintiff, certainly had sufficient knowledge, i.e., the observation through the video camera, which would reasonably lead him to suspect the plaintiff of criminal activity.
We must keep in mind, in cases of this nature, that the test of liability is not based on the store patron's actual guilt or innocence, but rather on the reasonableness of the store employee's action under all the circumstances. Brown v. Hartford Insurance Co., 370 So.2d 179 (La.App. 3rd Cir.1979).
Accordingly, we are compelled to find that the trial judge was manifestly erroneous in failing to find that defendant had reasonable cause to detain Townsend. Further, the detention did not involve unreasonable force; on the contrary, plaintiff was never touched or threatened in any way, and the officer's actions could certainly be characterized as restrained. According to plaintiff himself, the detention lasted 30 or 40 seconds, well below the proscribed period of time.
Therefore, defendant's actions met the requirements of an authorized detention under C.Cr.P. 215, and is immune from civil liability in the present case.
Accordingly, the judgment of the trial court is reversed. Costs will be paid by each party respectively.
REVERSED.