PLOTKIN, Judge.
Plaintiff Leola Causey appeals the trial court’s judgment dismissing her claim *945 against defendants Katz and Bestoff, Inc. (K & B) and Liberty Mutual Insurance Co., alleging that her detention for alleged shoplifting was unreasonable and that K & B should be held liable for damages she allegedly suffered as a result of that detention. We affirm.
Although the testimony presented at the hearing on the matter was somewhat conflicting, Commissioner Avis Russell, who originally heard the case, made the following written findings, which were adopted by the trial court and which we now adopt:
On December 3, 1986, between 12:30 and 1:00 p.m., plaintiff, Leola Causey, accompanied by Clarence Yenible, entered the Katz and Besthoff store located at Broad Street and Esplanade Avenue. As the result of a previous injury, Ms. Causey is legally blind and it was necessary that Mr. Venible assist her in locating the items she wanted to purchase.
Ms. Causey did not find what she wanted and she and Mr. Yenible proceeded to leave the store. The K & B store has a security device that is activated by a tag on merchandise. As Ms. Causey passed the security device the alarm went off.
Ms. Causey testified that there was a gentleman in front of her, who ran off when the buzzer went off. Ms. Causey stated that a guard took her in the back and that a white guy, the manager, was in the back room. On cross examination Ms. Causey testified that there was a female employee of K & B also present in the back room. Ms. Causey stated that while she was in the back room her purse was emptied and the pockets of her jacket were searched. A container of cocoa butter she had previously purchased from Eckerd’s may have sounded the alarm. Ms. Causey then left the back room. She was detained for approximately 25 minutes. She was not arrested.
Ms. Causey’s testimony was corroborated by Mr. Venible and Ruth Spears.
K & B denied that the incident took place. Gregory Provost, the store manager of K & B at Esplanade and Broad[,] and William J. Caronne, the assistant manager at that store[,] both denied recalling the incident. Mr. Provost was in the store when the incident would have taken place. Ms. Causey described the manager who took her in the back as a white male. Mr. Caronne is white and Mr. Provast [sic] is black.
Both Mr. Provost and Mr. Caronne described the procedure used and records kept when the alarm on the security device is activated. Ms. Causey’s name does not appear on these records. Mr. Provost also stated that there is no security guard on duty until 7 p.m. This testimony was corroborated by Gerald Smith, employed as a security officer at the K & B at Broad and Esplanade.
It is difficult to reconcile these two accounts. However, it is not likely that Ms. Causey could have fabricated the incident in such detail and describe[d] the procedure so that it is consistent with K & B’s procedure.
Ms. Causey does not contend and there is no evidence that any type of abuse took place while Ms. Causey was detained. Ms. Causey does claim that as a result of this incident her pre-existing emotional condition was aggravated and that she is now totally and permanently disabled and will require permanent emotional and mental care.
K & B contends that it followed the provisions of Louisiana Code of Criminal Procedure 215 and should be provided tort immunity. The evidence at trial supports a finding that K & B complied with the law and jurisprudence.
In the post trial memorandum plaintiff cites authority for awarding damages where the merchant and or the merchant’s employees know of a malfunctioning security device. There were no allegations in this case prior to trial and no evidence at trial that the security device malfunctioned or had a history of doing so.
Plaintiff also contends that defendant should be liable because due to Ms. Cau-sey’s preexisting emotional problems she was likely to be damaged by the deten *946 tion where a person without this problem would not be so damaged. There was no evidence that Ms. Causey’s emotional state changed subsequent to or as a result of this incident.
We find no error in these findings. La. C.Cr.P. art. 215 outlines the acceptable procedure for merchants to use in detaining and arresting suspected shoplifters. It provides, in pertinent part, as follows:
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods....
B. If a merchant utilizes electronic devices which are designed to detect the unauthorized removal of marked merchandise from the store, and if sufficient notice has been posted to advise the patrons that such a device is being utilized, a signal from the device to the merchant or his employee or agent indicating the removal of specially marked merchandise shall constitute a sufficient basis for reasonable cause to detain the person....
The requirements for an authorized detention as defined in the above article were itemized in Thompson v. LeBlanc, 336 So.2d 344 (La.App. 1st Cir.), writ denied 339 So.2d 26 (La.1976) as follows:
(1) The person effecting the detention must be a peace officer, a merchant or a specially authorized employee of a merchant; (2) The party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) Unreasonable force not be used in detaining the suspect for interrogation; (4) The detention must occur on the merchant’s premises; and (5) The detention may not last longer than sixty minutes.
Id. at 348. See also Townsend v. Sears, Roebuck & Co., 466 So.2d 675, 677 (La.App. 5th Cir.1985).
In the instant case, the plaintiff admits that the alleged detention was effected by a security guard and a store manager, so the first element is fulfilled. Additionally, Ms. Causey’s testimony is clear that the detention occurred on the K & B premises and lasted only 25 minutes, so the fourth and fifth elements are fulfilled.
Regarding the second element, the article states specifically that a signal from an anti-theft devise is a sufficient basis for probable cause to detain, provided sufficient notice of the use of the devise has been posted. During her testimony at the trial, the plaintiff admitted that the buzzer sounded when she walked through the anti-detection device. She stated that she did not see any notices; however, the evidence presented by the defendant at trial was sufficient to prove that the signs were properly posted.
Plaintiff primarily challenges the trial court’s finding on the basis of the third element, which requires that unreasonable force not be used in making the detention. She claims that the security guard in the store grabbed her arm and pulled her to the back of the store despite the fact she offered to open her purse in the front of the store. The plaintiff admitted that she was never accused of stealing. Ms. Causey also alleges in her appellate brief that K & B personnel failed to follow their own procedures in detaining her and that that failure was proof of unreasonable force. This contention seems ill-advised since the commissioner accepted the plaintiff’s story over the defendant’s assertion that the incident never happened because “it is not likely that Ms. Causey could have fabricated the incident in such detail and describe the procedure so that it is consistent with K & B’s procedure.” At any rate, after reviewing all the testimony presented at trial, we agree with the commissioner and the trial judge that there was no evidence of any type of abuse or unreasonable force.
Official Revision Comment (e) to La.C.Cr. P. art. 215 states that “[i]f the detention is *947 authorized under the first paragraph, immunity from both criminal and civil liability will naturally follow.” Therefore, since K & B’s detention of the plaintiff met all the elements for compliance with the codal provision, immunity attaches.
For the above and foregoing reasons, the trial court’s dismissal of plaintiff Leola Causey’s suit against defendants K & B and Liberty Mutual Insurance Co. is affirmed.
AFFIRMED.