734 So.2d 156 (1999)
Woodrow VAUGHN, et al.
v.
WAL-MART STORES, INC.
No. 98-CA-1215.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 1999.
*157 Frederick R. Campbell, Geoffrey J. Orr, Michele B. Prokop, Campbell, McCarnie, Sistrunk, Anzelmo & Hardy, Metairie, for defendant-appellant.
Letita J. Parker-Davis, Gretna, for plaintiffs-appellees.
*158 Court composed of Judges CHARLES GRISBAUM, Jr., JAMES L. CANNELLA, and SUSAN M. CHEHARDY.
GRISBAUM, Judge.
Plaintiff-appellee, Woodrow Vaughn, on behalf of his minor children, Amanda Vaughn and Jason Vaughn, and plaintiff-appellee, Whitney Dickerson, on behalf of his minor child, Kimberly Dickerson, brought action to recover damages for a wrongful detention that occurred in defendant-appellant's, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), store. The trial court rendered judgment in favor of the plaintiffs-appellees and awarded each child $500.00 in damages. The defendant-appellant appeals this judgment. We reverse.

ISSUES
The issues presented for our review are:
(1) Whether Amanda Vaughn and Jason Vaughn were detained by the store employee, and
(2) Whether defendant-appellant's employee's detaining and questioning of Kimberly Dickerson were reasonable.

FACTS AND PROCEDURAL HISTORY
On July 31, 1994, Amanda Vaughn and Jason Vaughn accompanied their mother, Emma Simpson Vaughn, to a Wal-Mart store located in Jefferson Parish. Amanda's friend, Kimberly Dickerson, was also with them. Once they entered the store, Mrs. Vaughn and Jason went into separate areas of the store. The two girls remained together in the front of the store and went to an area near the cash registers where they sold baseball cards, cigarettes, and stamp albums. After selecting a stamp album to purchase, Kimberly took the album to the register farthest from the store exit. While she was at the register, Kimberly also selected a pack of gum. Once Kimberly paid for her two items, they were placed in a bag and she was given her change. Kimberly testified that she did not immediately put the change in her wallet while she was at the register. Instead, Kimberly walked back into the merchandise area where Amanda had remained. Kimberly was in the merchandise area, away from the registers, when she placed her change in her purse. Kimberly proceeded to place her hand in the Wal-Mart bag to retrieve the gum she had just purchased.
At this time, Ms. Clara Lynn Neal, a customer service manager, was coming out the garden center when she saw the two girls standing at the register. Ms. Neal testified that she observed Kimberly's hand coming out of her Wal-Mart bag. According to Ms. Neal, because the two girls were in a somewhat secluded area of the store, Ms. Neal walked passed the two girls twice to observe them before she walked over to them.
Ms. Neal testified that she asked Kimberly if she could see her bag and her receipt and that Kimberly voluntarily gave her the bag. Plaintiffs alleged that Ms. Neal "detained the girls, snatched Kimberly's bag from her, searched the bag, discovered a receipt, tied the bag, and then personally escorted the girls to an area near the front door away from the registers...." However, Kimberly's testimony stated that "[Ms. Neal] said she was going to have to check my bag because she doesn't know if I'm stealing something. So I didn't say anything. I didn't really give it to her because I was shocked. So she took it, and she was like searching through it."
Once Ms. Neal checked the purchases with the receipt, the girls were told to go to the front of the store and wait for their party. The girls were never told that they could not leave the store and the girls were not detained by anyone else. According to all parties, from the time Ms. Neal walked up to the girls, verified the purchases, and returned the bag to Kimberly, the entire incident only lasted about one minute.
While the girls were waiting at the front of the store, Jason was asked by his mother *159 to inform the girls that she was ready to go. Jason approached the girls, and they responded that they could not leave. When Jason reported to his mother that the girls stated they could not leave the area, Mrs. Vaughn then went to the front of the store to investigate.
According to Mrs. Vaughn's testimony, the girls had informed her that they had been stopped by Ms. Neal and accused of stealing. Before Mrs. Vaughn took the children home, she explained to a store manager what had occurred. Mrs. Vaughn returned to the store with Sandra Dickerson, Kimberly's mother, to make further inquiries. Mrs. Vaughn, Mrs. Dickerson, Ms. Neal and the manager then went into an office to discuss the incident. Mrs. Vaughn testified that, at this meeting, Ms. Neal informed her she searched Kimberly because Kimberly had her hand in her bag and looked suspicious. Although Mrs. Vaughn also claims that Ms. Neal stated that she thought Jason was a "look-out" person, this claim was refuted later by Ms. Neal.
Plaintiffs, Woodrow Wilson, on behalf of his minor children, Amanda Vaughn and Jason Vaughn, and Whitney Dickerson, on behalf of his minor daughter, Kimberly Dickerson, filed suit against the defendant, Wal-Mart, to recover damages for wrongful detention. The trial court awarded the amount of $500.00 in damages to each child, plus court costs. The defendant appeals this judgment.

LAW AND ANALYSIS
Under normal circumstances, private citizens have no authority to detain individuals for petty theft, a misdemeanor under La. R.S. 14:67.10. McNeely v. Nat'l Tea Co., 94-392 (La.App. 5th Cir. 3/28/95), 653 So.2d 1231, writ denied, 95-1531 (La.9/29/95), 660 So.2d 880. However, La. Code Crim. P. art. 215 gives quasi-police powers to merchants and their agents to protect against shoplifting and gives them immunity from liability for malicious prosecution when the detainer has reasonable cause to believe that a theft of goods has occurred on their premises. Id.
A merchant will be immune from civil liability if he can meet the requirements of an authorized detention. La.Code Crim. P. art. 215(A)(1) provides:
A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
Therefore, the test for false imprisonment claims is a plaintiff must prove either (1) unreasonable force was used, or (2) no reasonable cause existed for the belief that the suspect had committed a theft of goods, or (3) the detention lasted more than 60 minutes, unless it was reasonable under the circumstances that the suspect be detained longer. Anderson v. Wal-Mart Stores, Inc., 95-1026 (La.App. 5th Cir. 5/15/96), 675 So.2d 1184, 1186 (citing McNeely, supra).

Jason Vaughn
First, we determine that Jason Vaughn's claim is without merit. The element of detention is an essential component of the tort of false imprisonment. Anderson, supra. Here, Jason was not even present at the time of the alleged incident. Jason subsequently was not stopped nor spoken to by Ms. Neal nor any other personnel. There is no evidence to support his claim that he was ever detained. The only involvement Jason has with the incident is Mrs. Vaughn's testimony regarding Ms. Neal's statement to her that Jason was a "look-out" person. However, *160 this claim was refuted by Ms. Neal, who disputed that this statement was ever made. Nevertheless, even if the statement was made, it does not rise to the level of a detention because no one ever approached Jason in the first instance. Furthermore, Mrs. Vaughn admitted that neither Ms. Neal nor anyone else with Wal-Mart ever accused Jason of stealing. Ergo, we find that appellee, Jason Vaughn, has failed to show a right to relief.

Amanda Vaughn
Next, we also find Amanda Vaughn's claim is without merit. Although Amanda was with Kimberly when they were both approached by Ms. Neal, there is no evidence Ms. Neal even spoke with Amanda individually, except to tell her and Kimberly to "go to the front of the store and stay there." Ms. Neal stated that the girls were given the option to go to the front of the store and wait for their party or to check their bag at the service desk. Importantly, Amanda testified that, at no time, did Ms. Neal ever ask her any questions. Consequently, we find that appellee, Amanda Vaughn, has also failed to demonstrate she was detained by appellant's employee. Ergo, we conclude Amanda has also failed to show a right to relief.

Kimberly Dickerson
Finally, we address Kimberly Dickerson's claim that she was wrongfully detained by Ms. Neal. It is undisputed that no unreasonable force was used or that the detention lasted more than 60 minutes. Rather, the evidence establishes Kimberly was only stopped by Ms. Neal and handed her bag to Ms. Neal. Once Ms. Neal verified the purchases with the receipt, the two girls were told to go to the front of the store and to wait for their party.
The test of liability is not based upon the store patron's actual guilt or innocence, but rather on the reasonableness of the store employee's action under all the circumstances. Townsend v. Sears, Roebuck & Co., 466 So.2d 675 (La.App. 5th Cir.1985). Therefore, we must determine whether, under all of the circumstances, Ms. Neal acted reasonably in detaining Kimberly.
The trial court must decide whether reasonable cause existed to believe that the suspect committed a theft of goods. McNeely, supra. Reasonable cause is defined as something less than probable cause and requires that the detaining officer have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. Id.
However, the inquiry does not end with that finding. Our jurisprudence recognizes that
"[t]he purpose of La.Code Crim. P. art. 215 is to provide merchants with authority to detain and question persons suspected of shoplifting without subjecting them to suits by those detained persons on the basis of false imprisonment when the merchant has reasonable cause to believe a theft of goods has occurred."
Freeman v. Kar Way, Inc., 96-8 (La.App. 3rd Cir.11/6/96), 686 So.2d 51, 54, writ not considered, 97-0524 (La.4/18/97), 692 So.2d 429 (quoting Derouen v. Miller, 614 So.2d 1304, 1307 (La.App. 3rd Cir.1993)). Furthermore, the statute provides immunity only to those merchants who have conducted a reasonable post detention inquiry of a person. Smith v. K-Mart Corp., 97-1728 (La.App. 4th Cir. 5/20/98), 712 So.2d 1042.
At this time, it is appropriate to review the factual scenario regarding the action of the merchant in question. The record shows Ms. Neal testified that she saw the two girls standing near a closed register, in a secluded part of the store, where merchandise was held for sale, and saw Kimberly reaching into a bag. This was supported by the testimony of Amanda, who confirmed that Kimberly had her *161 hand in a bag getting out gum when Ms. Neal stopped and approached her.
According to Ms. Neal, this is not an area where Kimberly should be standing. Furthermore, Ms. Neal testified that it is against Wal-Mart policy to allow customers to walk around the store with bags. The policy is to have customers either check the bag at the service desk or exit the store with the bag.
Consequently, Ms. Neal approached the girls and asked Kimberly to see her bag and receipt. Once the purchases were verified, the girls were not accused of stealing. Rather, they were told to "step to the front of the store and wait for your party or go check your bag at the service desk."
It is now equally important that we analyze this factual scenario in relation to the jurisprudence of our own Circuit.
We see in McNeely, supra, the plaintiff was in the toy aisle of the store and wanted to be certain that the items she was going to purchase would operate properly. Therefore, she placed some batteries she had found inside the toys. She selected the toys that worked, placed them inside her basket, and purchased another set of batteries. According to the plaintiff's testimony, she went through the checkout line and paid for her items without interference. When plaintiff reached her car, security guards approached her and told her to return to the store. The plaintiff was taken to the store conference room and was shown an empty battery package and asked where the batteries were. The plaintiff denied taking batteries out of the package and said that any batteries she had were paid for. The plaintiff also stated that the batteries in question were in the toys on the shelf. The store detective went to the shelf and discovered the batteries in the fire truck, as plaintiff had stated. However, plaintiff was not allowed to leave after it was confirmed that a theft had not occurred. This Court found that the store had reasonable cause to suspect criminal activity and detain her for questioning but that the store acted unreasonably in detaining the plaintiff after it was ascertained that the batteries were not missing.
In Townsend, supra, the plaintiff was observed by a security guard via a video surveillance camera walking to the edge of the aisles and placing an object inside a bag the plaintiff was holding. A security guard approached the plaintiff and stated to plaintiff, "`We think you have something that belongs to the store.'" Id. at 676. The plaintiff replied that he had some "charms" and voluntarily emptied his pockets. Plaintiff also asked the guard if he wanted to search him but the guard walked away. The entire incident lasted approximately 30-40 seconds. This Court found that the trial court was manifestly erroneous in failing to find that the store had reasonable cause to detain the plaintiff. We noted that the detention did not involve unreasonable force, the detention lasted 30 or 50 seconds, plaintiff was never touched or threatened in any way, and that the guard's actions could certainly be characterized as restrained. Therefore, we found that the store's actions met the requirements of an authorized detention.
After a review of Townsend and McNeely, we are compelled here to find the trial court was manifestly erroneous in failing to find that appellant had reasonable cause to detain Kimberly for questioning, similar to Townsend. However, different from McNeely, once Ms. Neal confirmed that a theft had not taken place, the girls had the option of going to the front of the store and waiting for their party or checking the bag at the customer service desk. At no time was Kimberly told that she could not leave the store. Again, we note the detention did not involve unreasonable force given that none of the girls were touched or threatened in anyway. Furthermore, according to all parties, the detention lasted approximately one minute, well below the proscribed period of time. Considering the facts and circumstances presented, *162 we find the actions of appellant's employee were reasonable.
Because we find the actions of appellant's employee were reasonable and, thus, meet the requirements of an authorized detention under La.Code Crim. P. art. 215, appellant is immune from civil liability.
For the reasons assigned, the trial court's judgment is hereby reversed. All costs of this appeal are to be assessed against the appellees.
REVERSED.