686 So.2d 51 (1996)
Oakley FREEMAN, et al, Plaintiff-Appellant,
v.
KAR WAY, INC., d/b/a The New Early's Food Store, et al, Defendant-Appellee.
No. 96-8.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
Rehearing Denied January 28, 1997.
David Russell Bankston, Lafayette, for Oakley Freeman et al.
James T. McManus, Lafayette, for Kar Way Inc.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
*52 DECUIR, Judge.
Plaintiff, Oakley Freeman, brought this suit against defendant, Kar Way, Inc., d/b/a The New Early's Food Store on behalf of his minor daughter, Lachanda Freeman, for damages stemming from Lachanda's detention and search for an alleged shoplifting incident. After a trial on the merits, the trial court signed a judgment on August 16, 1995, in favor of New Early's and against Freeman dismissing Freeman's demands with prejudice. From the judgment in favor of New Early's, the plaintiff appeals.

FACTS
On May 11, 1993, in New Early's Food Store, Karen Alleman, the store's cashier, observed Lachanda at the earring display rack. Ms. Alleman testified that she was waiting on a customer in the express lane and Lachanda was a few feet away. She further testified that while waiting on the next gentleman in line, she turned her back toward Lachanda. After checking out the gentleman, she again looked in Lachanda's direction and saw her lift her shirt and put her hand under her shirt. She thought at that moment that Lachanda had taken something. Thereafter, Lachanda picked up a bag of sunflower seeds and made her way to the cash register to check out.
After she saw Lachanda put her hand under her shirt at the earring rack, Ms. Alleman notified John Mire, the store's co-manager, who was near the business office at the front of the store, by giving him a hand signal. Mr. Mire testified that he read Ms. Alleman's lips when she mouthed the words "watch her" as she pointed at Lachanda. Mr. Mire walked across the front of the store, back and forth trying to keep an eye on Lachanda and the rest of the store. Mr. Mire testified that Lachanda looked suspicious because, in his opinion, she was looking around to see where the store employees were and whether she was alone. At that point, he suspected Lachanda was a shoplifter and he intended to detain her.
Mr. Mire walked toward the cash register as Lachanda approached the cash register to check out. At the cash register, Ms. Alleman confronted Lachanda about putting the earrings under her shirt. Lachanda denied taking the earrings. Ms. Alleman told Lachanda that she saw Lachanda reach under her shirt after touching the earrings. After this confrontation, Ms. Alleman, Mr. Mire and Lachanda went to the part of the store where the owner, Wayne Hebert, was talking on the telephone. The normal procedure in the store was to take the suspected shoplifter to the manager.
Lachanda testified that Mr. Mire and Ms. Alleman took her to the store's office. Lachanda and Ms. Alleman were in the office with the door closed. Karen Hebert, the owner's wife, was also in the office using the telephone. The parties dispute what happened next. Lachanda testified that Ms. Alleman told her to pull her pants down to search her for the earrings. Ms. Alleman denies this. Ms. Alleman testified that Lachanda voluntarily lifted her shirt and pulled her pants open at the elastic waistband to reveal that she did not have the earrings. Ms. Hebert's testimony about the search differs from Ms. Alleman's testimony. Ms. Hebert claims that Ms. Alleman asked Lachanda to lift her shirt and pull her pants out to see if anything would fall. However, Ms. Hebert was using the telephone during part of the search.
When the initial search in the office was completed, Lachanda, Ms. Alleman and Ms. Hebert came out of the office. Mr. Hebert then asked whether the women checked the bottom of her pants leg. Since this area had not been checked, Ms. Alleman bent down and pulled on Lachanda's stretch pants at the ankles to see if any earrings would fall out. The incident lasted approximately fifteen to twenty minutes. No earrings were found.
Mr. Mire testified as to the store's policy on shoplifters. Mr. Mire testified that generally a suspected shoplifter is called into the office and searched. He further testified that it makes no difference if the shoplifter is a child or an adult. On the other hand, Ms. Hebert testified that if the manager actually sees someone take something, they call the police.
*53 The trial judge accepted the version of the facts as disclosed by the owner and employees of New Early's. Thus, the trial court found that the search of Lachanda was reasonable and rendered judgment in favor of New Early's.

LAW AND DISCUSSION
A merchant will be immune from civil liability if he can meet the requirements of an authorized detention as defined in La.Code Crim.P. art. 215(A)(1):
A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such person for arrest by a peace officer. The detention shall not constitute an arrest. [Emphasis supplied].
Therefore, it must be shown that: (1) the person effecting the detention must be a peace officer, a merchant, or a specifically authorized employee of a merchant; (2) the party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) unreasonable force may not be used in detaining the suspect for interrogation; (4) the detention must occur on the merchant's premises; and (5) the detention may not last longer than sixty minutes. Wilson v. Wal-Mart Stores, Inc., 525 So.2d 111 (La.App. 3 Cir.1988).
Theft of goods is defined in La.R.S. 14:67.10 as:
[T]he misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. And intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential....
Therefore, New Early's must show that there was a reasonable cause to believe that Lachanda intended to commit theft of its goods in order to justify her detention on the suspicion of shoplifting.
The dispute in this case centers on element number two of La.Code Crim.P. art. 215(A)(1). The Freemans argue that the employees of New Early's did not have reasonable cause to believe that Lachanda committed theft; therefore, her detention was illegal. New Early's contends that they detained Lachanda in full compliance with La. Code Crim.P. art. 215(A)(1) as quoted above.
The words "reasonable cause" for an investigatory detention is something less than probable cause. The person detaining another must have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. West v. Wal-Mart Stores, Inc., 539 So.2d 1258 (La.App. 3 Cir.); writ denied, 543 So.2d 19 (La.1989). Further, the determination of whether there was reasonable cause to detain a person is a factual finding to be decided by the trier of fact, and his or her determination will not be reversed in the absence of manifest error. Johnson v. Wal-Mart Stores, Inc., 574 So.2d 502 (La.App. 3 Cir. 1991).
New Early's contends there was "reasonable cause for an investigation detention" based on the testimony of two employees whose suspicions were aroused and who watched Lachanda while she shopped in the store principally because of the following facts. It was a normal occurrence to watch Lachanda based on her prior conduct of standing by the candy counter for approximately fifteen minutes and looking around the store. Ms. Alleman believed Lachanda was looking around to see if anybody was watching her. Lachanda touched the earrings on the earring rack. After helping a couple of other customers, Ms. Alleman saw Lachanda put her hand under her shirt near the waistband of her pants. Ms. Alleman testified that at that point, she believed Lachanda was shoplifting. The issue is whether that belief was reasonable.
*54 The trial judge's oral reasons suggest that he may have applied an incorrect "reasonable suspicion" standard in his evaluation of the facts. While we cannot determine with certainty whether the trial judge applied the wrong standard or merely misspoke, in an abundance of caution we will evaluate the evidence as if the incorrect standard was applied.
This court previously stated, "[t]he purpose of La.Code Crim.P. art. 215 is to provide merchants with authority to detain and question persons suspected of shoplifting without subjecting them to suits by those detained persons on the basis of false imprisonment when the merchant has reasonable cause to believe a theft of goods has occurred." Derouen v. Miller, 614 So.2d 1304, 1307 (La.App. 3 Cir.1993). Merchants who have conducted a reasonable post detention inquiry of a person, who is subsequently found to be not guilty of theft of goods, are protected by the amendment. Id.
After a careful review of the record, we find that New Early's employees had "reasonable cause to believe" that Lachanda had committed a theft of goods. The fact that no stolen goods were discovered is of no consequence under the applicable law. Despite the loose language, the trial judge's judgment is not manifestly erroneous.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are taxed to appellant.
AFFIRMED.
THIBODEAUX, J., dissents and assigns reasons.
THIBODEAUX, Judge, dissenting.
The majority appropriately cites, but incorrectly applies, the correct principles of law. Furthermore, it observes that the trial court utilized the incorrect legal standard. Despite this apt observation and the "loose language" employed by the trial court, the majority nevertheless concludes that the judgment is not manifestly erroneous.
The trial judge did not directly address the issue of whether there was reasonable cause to detain Lachanda. Instead, in his oral reasons for judgment, the trial judge waxed poetic about the interests of society in maintaining the free flow of commerce as balanced against individual rights to freedom from unreasonable searches and seizures. The trial judge went on to comment about Lachanda being a large minor child considering that she was twelve years old at the time of the incident. He observed that "the parents were allowing the child to go in a store where liquor was sold and video poker takes placed [sic] unsupervised, with no adult supervision." It is undisputed that this same store sold candy, sunflower seeds, and earrings as well. The only comment made by the trial judge on the reasonableness of New Early's suspicion is: "[i]f a child does something that arouses reasonable suspicion, the store should not be prohibited from conducting reasonable action." To the extent that the trial judge concluded that New Early's employee's suspicion of Lachanda shoplifting the earrings was reasonable under the circumstances, he was incorrect, both legally and factually.
The only reason Mr. Mire suspected Lachanda of shoplifting was because Ms. Alleman signaled him to keep an eye on Lachanda. Mr. Mire neither witnessed Lachanda take anything nor put her hand in her clothing. Prior to Lachanda reaching the cashier's counter and while she was in the candy aisle, Mr. Mire checked the earring rack and found nothing missing. He also checked the candy aisle and found nothing missing.
There are no facts justifying a reasonable belief on the part of the cashier, Ms. Alleman and the co-manager, Mr. Mire, that Lachanda committed a theft of the earrings. Lachanda went to the counter and paid for the bag of sunflower seeds. It was not reasonable for Ms. Alleman to assume, under these circumstances, that Lachanda took the earrings. A store is open to the public for inspection of its wares, whether a person comes to buy or simply to price the items on display. A person in a store has the right to put his or her hand on items on display to more closely examine the items, to put his or her hand under their shirt and to look around at other people in the store without a violation of their right to personal freedom *55 by being detained. When Mr. Mire observed that no merchandise was missing, he could have spoken to Ms. Alleman and told her that he found nothing missing on the earring rack or in the candy aisle before Ms. Alleman detained Lachanda, took her to the store's office and conducted a search of her person. Even if, as a practical matter, the trial judge applied a reasonable cause standard, he was manifestly erroneous.
The trial judge applied an incorrect "reasonable suspicion" standard in his evaluation of the facts. Reasonable cause, while less than probable cause, is more than suspicion. "A generalized suspicion or hunch that an individual is involved in criminal conduct is not sufficient to detain the individual...." State v. Burton, 93-828 (La.App. 3 Cir. 2/23/94); 640 So.2d 342, 345 and cases cited therein. We are not required to affirm where factual findings have been reached by overlooking applicable legal principles. See Butler v. Zapata Haynie, 92-71 (La.App. 3 Cir. 2/23/94); 633 So.2d 1274, writ denied, 94-1171 (La.7/5/94); 639 So.2d 1186, cert. denied ___ U.S. ___, 115 S.Ct. 579, 130 L.Ed.2d 494 (1995). Moreover, when a reversible error of law is made by a trial court, as here, an appellate court is empowered to redetermine the facts de novo and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840, n. 2 (La.1989). We should exercise that authority in this case.
Article 215 of the Code of Criminal Procedure authorizes the merchant to detain and question the suspected shoplifter. There is nothing in the article which authorized New Early's to conduct a search upon the person of a frightened twelve-year-old child, or on any person, for that matter. Moreover, since the original detention of Lachanda was improper, it follows that the search of the frightened twelve-year-old child was also improper.
For the foregoing reasons, I dissent. The judgment of the trial court should be reversed and damages should be awarded.