LGQTHARD, Judge.
In this action for false imprisonment plaintiff, Laquanda Mitchell, appeals a decision of the trial court which granted summary judgment in favor of defendant, Dillard Department Store a/k/a Dillard’s Inc. (Dillard), and dismissed plaintiffs lawsuit with prejudice. For reasons that follow, we affirm.
Ms. Mitchell filed this action on April 7, 1999 alleging that, while shopping in defendant’s store in the Esplanade Mall in Kenner, she was arrested and falsely accused of shoplifting. She makes additional claims for damages due to intentional and negligent infliction of emotional distress, defamation of character, battery, and malicious prosecution.
The record shows that on April 8, 1998, Ms. Mitchell was detained by Dillard employees, and subsequently arrested by Kenner authorities, for [¡^shoplifting approximately $130.00 of merchandise. She was charged on April 29,1998 with theft of goods valued between $100.00 and $500.00 in violation of LSA-R.S. 14:67.10. On September 21, 1998 Ms. Mitchell withdrew a prior plea of not guilty and entered a plea of guilty as charged under North Carolina v. Alford[1]. She was sentenced to imprisonment at hard labor for a period of one year. The sentence was suspended and *735 Ms. Mitchell was placed on active probation for one year. Subsequently, she filed suit against Dillard for false imprisonment.
Defendant answered and filed a motion for summary judgment. The basis of the motion for summary judgment was the fact that plaintiff entered a plea of guilty to the shoplifting allegation which forms the basis of her lawsuit for false imprisonment. The judgment granting that motion is the subject of this appeal.
In brief to this court plaintiff argues that the trial court erred in granting the motion for summary judgment on two grounds. First, she argues that there was insufficient evidence to show the applicability of LSA-C.Cr.P. article 215, which governs the rights of merchants to detain and arrest shoplifters. Second, she argues that a plea under the rationale of North Carolina v. Alford, supra, does not justify the grant of the defense motion for summary judgment, because a plea under Alford does not amount to an admission of guilt.
In response, Dillard maintains that the appeal is untimely. In the alternative, Dillard argues that the guilty plea precludes a lawsuit against it for false imprisonment.
l,iAs to the question of timeliness, we find no merit in Dillard’s argument. The record shows that the matter was heard on September 14, 1999. Judgment was rendered on September 20, 1999. However, notice of the signing of judgment was not mailed until November 17, 1999. The motion for appeal was filed on January 10, 2000. Dillard maintains that the trial court delayed mailing the notice of the signing of judgment, because at the time the judgment was rendered the plaintiff still owed $136.10 in costs.
Pursuant to LSA-C.C.P. article 1913 as applicable to this matter[2], a party is entitled to notice of judgment when the judgment is signed on a date subsequent to the hearing date. The delay for filing this appeal did not begin to run until notice was given. Thus, we find the motion for devolutive appeal,' filed within the sixty day time limit, to be timely. We are not persuaded by Dillard’s argument that the trial court’s withholding of notice until the costs were paid adversely affects the beginning of the time delay for filing the motion for appeal. Accordingly, we will entertain the merits of this appeal.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Susananbadi v. Johnson, 97-91 (La.App. 5 Cir. 9/17/97), 700 So.2d 886. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive | .¡determination of allowable actions. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
LSA-C.Cr.P. article 215 provides:
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
(2) A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint *736 made to a peace officer by a merchant or a merchant’s employee or agent shall constitute reasonable cause for the officer making the arrest.
B. If a merchant utilizes electronic devices which are designed to detect the unauthorized removal of marked merchandise from the store, and if sufficient notice has been posted to advise the patrons that such a device is being utilized, a signal from the device to the merchant or his employee or agent indicating the removal of specially marked merchandise shall constitute a sufficient basis for reasonable cause to detain the person.
C. As used in this Article, “reasonable under the circumstances” shall be construed in such a manner so as to include the value of the merchandise in question, the location of the store, the length of time taken for law enforcement personnel to respond, the cooperation of the person detained, and any other relevant circumstances to be considered with respect to the length of time a person is detained.
The above statute provides authority to merchants to detain and question an individual suspected of shoplifting when the merchant has reasonable cause to believe that a theft has occurred, without subjecting the | ¿merchant to suits by the detained person for false imprisonment. Freeman v. Kar Way, Inc. 96-8 (La.App. 3 Cir. 11/6/96), 686 So.2d 51, 54, writ not considered, 97-0524 (La.4/18/97), 692 So.2d 429; Vaughn v. Wal-Mart Stores, Inc. 98-1215 (La.App. 5 Cir. 4/27/99), 734 So.2d 156. Reasonable cause to detain is something less than probable cause and requires that the detaining officer have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. McNeely v. Nat’l Tea Co., 94-392 (La.App. 5 Cir. 3/28/95), 653 So.2d 1231, unit denied, 95-1531 (La.9/29/95), 660 So.2d 880; Vaughn v. Wal-Mart Stores, Inc., supra.
In Rabalais v. Goudchaux Maison Blanche, 524 So.2d 772 (La.App. 3 Cir. 1988), the court held that when, as in the instant case, the method and extent of the inquiry by the merchant are not of record, the subsequent guilty plea is sufficient to show reasonable cause.
Plaintiff argues that Dillard had no reasonable cause to arrest her, and that the jurisprudence which allows a guilty plea to preclude a civil suit for false arrest does not apply in cases where the plaintiff has entered the plea pursuant to Alford. Plaintiff argues that there has been no admission, or evidence of guilt in the plea which can be used as a basis for the dismissal of the civil suit.
Plaintiffs argument misconstrues the nature of an Alford plea. This court has recently discussed the significance of an Alford plea. In State v. Villarreal, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129-130, this court explained:
In a case involving a bona fide Alford plea, the record must contain “strong evidence of actual guilt.” North Carolina v. Alford, 400 U.S. at 38, 91 S.Ct. at 167. This court has held that where |7there is a plea under Alford, “constitutional due process requires that the record contain ‘strong evidence of actual guilt’.” State v. Bailey, 94-76, (La.App. 5th Cir. 6/28/94), 639 So.2d 860, 864.
The record herein contains a transcript of the guilty plea. In that transcript, it is evident that the plaintiff entered a knowing and voluntary plea while maintaining her innocence under Alford. Further, the trial judge stated that he found sufficient evidence to support the Alford plea under the law. There have been no allegations made by the plaintiff that the plea was invalid. Therefore, we find this plea will support a finding that Dillard had reasonable cause to detain plaintiff. Accordingly, we find that the summary judgment was properly granted, and we affirm the judgment of the trial court.
AFFIRMED.

. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. The 1999 amendment to this article which requires notice in all cases became effective January 1, 2000, and does not apply to this judgment.