STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-1357


THOMAS RHYMES

VERSUS

WINN-DIXIE LOUISIANA, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 89693D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.


**REVERSED AND REMANDED.**

**David John Calogero**
**Davidson, Meaux, Sonnier & McElligott, L.L.P.**
**P. O. Box 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**Counsel for Defendant/Appellee:**
**Winn Dixie Louisiana, Inc.**

**Harold Dewey Register, Jr.**
**P.O. Box 80214**
**Lafayette, LA 70598-0214**
**(337) 981-6644**
**Counsel for Plaintiff/Appellant:**
**Thomas Rhymes**

**EZELL, JUDGE.**

Thomas Rhymes filed suit against Winn-Dixie Louisiana, Inc. for damages he alleges he sustained at the Abbeville store when the store manager physically restrained him after he was suspected of shoplifting. The trial court granted a motion for summary judgment filed by Winn-Dixie claiming immunity from civil liability pursuant to La.Code Crim.P. art. 215. Mr. Rhymes appeals that judgment.

## FACTS

On Christmas Eve morning in 2007, Mr. Rhymes entered the Winn-Dixie store in Abbeville to purchase some Beano and cough syrup. In his deposition testimony, Mr. Rhymes indicated that he had been shopping in the store for about fifteen minutes when his sugar level started decreasing. He knew this because he started getting dizzy and weak.

Mr. Rhymes had not gotten a shopping basket, so he put the Beano and cough syrup in his coat pockets and then grabbed about six to eight packages of Honey Buns. He was heading toward a cash register when a manager approached him and asked for his products. According to Mr. Rhymes, the manager took the products and told him to leave the store. The manager then told Mr. Rhymes to stay. Mr. Rhymes indicated that he smelled alcohol on the manager's breath, so he continued to walk out of the store.

At that point, Mr. Rhymes stated that the manager grabbed him by the neck and twisted his left arm around his back. The manger told other employees to call the police and began walking Mr. Rhymes to the office. Mr. Rhymes stated that the manager even tried to hit him at one point but was stopped by another employee. The Abbeville police arrived to question Mr. Rhymes. Another manager advised the police to release Mr. Rhymes who was not charged with any criminal offense.

1

Mr. Rhymes filed suit against Winn-Dixie on December 16, 2008. Mr. Rhymes claimed that he suffered physical and mental injuries as a result of the incident. Winn-Dixie answered, denying that Mr. Rhymes suffered any injuries and asserting that it was immune from civil liability pursuant to La.Code Crim.P. art. 215. Winn-Dixie then filed a motion for summary judgment. Judgment granting the motion for summary judgment was signed on May 20, 2010. Mr. Rhymes then filed the present appeal.

## STANDARD OF REVIEW

Appellate courts review motions for summary judgment de novo to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." *Id*. The mover bears the initial burden of proof to show that no genuine issue of material fact exists. La.Code. Civ.P. art. 966(C)(2).

"Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 09-1633, p. 9-10(La. 4/23/10), 35 So.3d 1053, 1059 (emphasis added).

## DISCUSSION

At the center of this matter is La.Code Crim.P. art. 215(A)(1), which provides:

> A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use *reasonable force* to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances

2

that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.

Therefore, to be entitled to civil immunity, a merchant must show that:

(1) the person effecting the detention must be a peace officer, a merchant, or a specifically authorized employee of a merchant; (2) the party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) unreasonable force may not be used in detaining the suspect for interrogation; (4) the detention must occur on the merchant's premises; and (5) the detention may not last longer than sixty minutes.

*Freeman v. Kar Way, Inc.*, 96-8, p. 4 (La.App. 3 Cir. 11/6/96), 686 So.2d 51, 53, *writ not considered*, 97-524 (La. 4/18/97), 692 So.2d 429.

Mr. Rhymes claims that the granting of summary judgment was inappropriate as there is a question of material fact regarding whether the force used by the manager was reasonable. Mr. Rhymes argues that all of the actions by the store manager were beyond unreasonable. Mr. Rhymes also argues that whether or not the force used by the store was reasonable must be determined by a trier of fact at trial and is not an appropriate issue to be disposed of by summary judgment.

Summary judgment is ordinarily not an appropriate procedural device when there are issues that require the determination of the reasonableness of acts and conduct of parties under all the facts and circumstances. *Wylie v. Peltier*, 10-332 (La.App. 3 Cir. 11/3/10), ____ So.3d ____.

In determining whether the force used by police officers in arresting plaintiffs was reasonable, the supreme court held that: "Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the

3

officers." *Kyle v. City of New Orleans*, 353 So.2d 969, 973 (La.1977); *LaBauve v. State*, 618 So.2d 1187 (La.App. 3 Cir. ), *writ denied*, 624 So.2d 1235 (La.1993).

In support of its motion for summary judgment, Winn-Dixie submitted the deposition testimony of Mr. Rhymes. It claims that the store manager's belief that Mr. Rhymes might escape justified his actions and that the restraint used was reasonable.

We do not know from the record what the store manager was thinking as there is no testimony or statements from anyone other than Mr. Rhymes. Based on Mr. Rhymes' testimony alone, we find that there are questions of material fact as to whether the store manager's actions in grabbing Mr. Rhymes by the neck and wrapping his arm behind his back constituted reasonable force under the circumstances of this case.

For the above reasons, the judgment of the trial court granting summary judgment in favor of Winn-Dixie Louisiana, Inc. is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to Winn-Dixie.

**REVERSED AND REMANDED.**

4