LOLLEY, J.
|, Andrew Cariere appeals a judgment which granted in part the motion for summary judgment filed by The Kroger Company (“Kroger”). Kroger answers the appeal regarding that portion of its motion for summary judgment which was denied. For the following reasons, we affirm the trial court’s judgment.
Facts
Andrew Cariere entered a Kroger grocery store in Shreveport, Louisiana, on August 22, 2013, and as he exited the store, he was detained by a store employee for allegedly shoplifting. According to the report by Shreveport police, Cariere had taken the price tag off of some crab legs (priced at $12.65) and placed it on a pack *989 age of frozen tuna (priced at $35.82). Cari-ere submitted to questioning while waiting for Shreveport police. He confessed to shoplifting groceries to the Kroger store personnel and Shreveport police. He was turned over to the police and arrested. Cariere was ultimately charged with theft-shoplifting in Shreveport City Court under docket number 13-017025. The record reflects that the charges were ultimately dismissed.
As a result of this incident, Cariere filed suit against Kroger making claims of assault, battery, torture, defamation, false arrest, and false imprisonment. When Car-iere did not appear for his scheduled deposition, Kroger filed a motion for dismissal for failure to appear; however, the trial court ordered Cariere to appear for another scheduled deposition, which he did.
[¡^Subsequently, Kroger filed a motion for summary judgment on the grounds that Cariere could not prove the elements of battery, assault, torture, defamation, false arrest, and false imprisonment. Additionally, Kroger argued that Cariere could not overcome civil immunity given to merchants who use reasonable force to detain shoplifters on their premises pursuant to La. C.Cr.P. art. 215. Cariere opposed Kroger’s motion for summary judgment alleging several disputed material facts, which Kroger maintains contradicted his deposition testimony. A hearing was held on the motion, and Kroger’s summary judgment was granted in part, denied in part. The trial court dismissed Cariere’s claims of assault, torture, defamation, false arrest, and false imprisonment, but ruled that an issue of material fact existed regarding Cariere’s battery claim.
Cariere, appearing pro se, appeals that portion of the trial court’s judgment dismissing his claims, and Kroger answers the appeal regarding the battery claim.[1]
Discussion
On appeal, Cariere argues that the trial court erred in its interpretation of La. C.Cr.P. art. 215 by concluding that Kroger had reasonable cause to believe that a theft had occurred, and it used reasonable force in detaining Cariere. As stated, the trial court concluded that an issue of material fact existed regarding whether the force used by Kroger’s employee was reasonable or whether it constituted a battery on Cariere. The trial court also determined Cariere had failed to prove his claims of assault, torture, false |aarrest, false imprisonment, and defamation, because he.could not provide any evidence of such. We agree.
Louisiana C.Cr.P. art. 215 states, in pertinent part:
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
*990 (2) A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant’s employee or agent shall constitute reasonable cause for the officer making the arrest.
* ⅝ * ⅜
C. As used in this Article, “reasonable under the circumstances” shall be construed in such a manner so as to include the value of the merchandise in question, the location of the store, the length of time taken for law enforcement personnel to respond, the cooperation of the person detained, and any other relevant circumstances to be considered with respect to the length of time a person is detained.
The above statute provides authority to merchants to detain and question an individual suspected of shoplifting when the merchant has reasonable cause to believe that a theft has occurred, without subjecting the merchant to civil suits by the detained person. Mitchell v. Dillard Dep’t Stores, Inc., 2000-328 (La. App. 5th Cir. 10/18/00), 772 So.2d 733, 736; Freeman v. Kar Way, Inc., 1996-8 (La. App. 3rd Cir. 11/06/96), 686 So.2d 51, 54, mit not cons., 1997-0524 (La. 04/18/97), 692 So.2d 429. Reasonable cause to detain is something less than probable cause and | requires that the detaining officer have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity. Vaughn v. Wal-Mart Stores, Inc., 1998-1215 (La. App. 5th Cir. 04/27/99), 734 So.2d 156; McNeely v. Nat’l Tea Co., 1994-392 (La. App. 5th Cir. 03/28/95), 653 So.2d 1231, writ denied, 1995-1531 (La. 09/29/95), 660 So.2d 880.
To be entitled to civil immunity, a merchant must show that (1) the person effecting the detention must be a peace officer, a merchant, or a specifically authorized employee of a merchant; (2) the party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) unreasonable force may not be used in detaining the suspect for interrogation; (4) the detention must occur on the merchant’s premises; and (5) the detention may not last longer than sixty minutes. Rhymes v. Winn-Dixie La., Inc., 2010-1357 (La. App. 3rd Cir. 03/09/11), 58 So.3d 1068, 1070; Freeman, supra.
Thus, the inquiry is whether Kroger’s employee exerted reasonable force in detaining Cariere, a suspected shoplifter. Here, the trial court noted, “I don’t know to what degree [Cariere] was injured. There is a question of fact as to whether or not the force used was unreasonable.” Further, the trial court observed, “I have seen nothing either way showing that there was a great degree of injury which would indicate what force was used, whether it was reasonable or not.” The trial court also remarked that medical records would have presented an objective indication of the extent of Cariere’s injury, tending to show the reasonableness of the force used.
The intentional tort of battery is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a ^contact. Griffith v. Young, 46,184 (La.App. 2d Cir. 4/13/11), 62 So.3d 856, 859. However, under art. 215, if the Kroger employee’s force in detaining Cariere was reasonable, then he did not sustain a battery. Notably, summary judgment is ordinarily not an appropriate procedural device when there are issues that require the determination of the reason *991 ableness of acts and conduct of parties under all the facts and circumstances.
In support of its motion for summary judgment, Kroger argued reasonable force was used in order to detain Cariere and that his version of the facts changed from his deposition to his affidavit in opposition to the summary judgment motion. Unfortunately, we do not have any testimony by the store employee who stopped Cariere or any other evidence to support Kroger’s contention that reasonable force was used. We do not know from the record what the store employee was thinking as there is no deposition testimony or statements from anyone other than Cariere, Thus, based on Cariere’s allegations and testimony that the Kroger employee manhandled him with the shopping buggy, we find that there are questions of material fact as to whether the store employee’s actions constituted reasonable force under the circumstances of this case. The trial court did not err and the denial of summary judgment as to this issue was proper.
Because the reasonableness of force used to detain Cariere is still at issue, Kroger may not enjoy immunity under art. 215 for the remaining claims Cari-ere has against it, those being, assault, torture, false arrest, false imprisonment, and defamation. However, we note that on a motion for summary judgment, if the mover will not bear the burden of proof at trial on the issue that is before the court, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, faction, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966.
As to his other claims, Cariere has provided no evidence regarding those. In his deposition, he provided no factual support tending to establish the existence of a genuine issue of fact regarding any of the claims. Likewise, Cariere’s opposition to Kroger’s motion fails to support his claims. The absence of factual support for one or more elements essential to Cariere’s claims is glaring. Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533 (La. 2/20/04), 866 So.2d 228, 233; Sonnier v. Gordon, 50,513 (La.App. 2d Cir. 4/13/16), 194 So.3d 47, 52.
Notably, we observe that the police report indicates that Cariere admitted to shoplifting; thus, although there is some question as to the reasonableness of the force used to detain him for art. 215 purposes, Kroger was still authorized to detain him awaiting Shreveport police. In order to prevail on summary judgment, Cariere must present some evidence more than mere allegations of Kroger’s actions. In fact, he successfully opposed Kroger on the battery issue, because he was able to present at least his testimony in regard to the force used to detain him. Albeit slight, Cariere had some support for his battery claim — enough to prevent Kroger’s |7summary judgment on that issue. However, there is not a scintilla of evidence in this case that would indicate Kroger assaulted, tortured, falsely arrested/imprisoned, or defamed Cariere, and he failed to carry his burden to prevent the granting of summary judgment. Therefore, summary judgment dismissing those claims was not in error.
*992 Conclusion
For the foregoing reasons, the judgment by the trial court granting in part and denying in part the motion for summary judgment by The Kroger Company is affirmed, Costs of this appeal are shared by the parties.
AFFIRMED.

. The trial court’s judgment was a partial judgment and was not certified by the trial court as suitable for appeal pursuant to La. C.C.P. art. 1915(B). This court issued an order allowing the jurisdictional defect to be cured with an order of certification by the trial court. Such an order was obtained and filed in this court, allowing this appeal to proceed.