Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,642-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

IN RE: MEDICAL REVIEW                    Plaintiffs-Appellants
PANEL OF CLARENCE NOBLE,
JR., BETTY JEAN JOHNSON,
BEVERLY JEAN CULPEPPER,
CYNTHIA NOBLE, BRUCE
NOBLE AND DOROTHY ANN
SCOTT

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 162,055

Honorable Charles A. Smith, Judge

* * * * *

DAVIS LAW OFFICE, LLC                    Counsel for Appellant
By: S.P. Davis, Sr.
      Kharmen K. Davis-Taylor

LOUISIANA DEPARTMENT OF                  Counsel for Appellee,
JUSTICE                                  Louisiana Department of
By: Jeffrey M. Landry                    Veteran Affairs d/b/a
      Attorney General                   Northwest Louisiana
                                         Veterans Home

By: Elizabeth P. Grozinger
      Jabrina C. Edwards
      Assistant Attorneys General

* * * * *

Before PITMAN, ROBINSON, and HUNTER, JJ.

HUNTER, J., dissents with written reasons.

**PITMAN, J.**

Plaintiffs-Appellants Clarence Noble, Jr. ("Noble"), who is deceased, and his children Betty Jean Johnson, Beverly Jean Culpepper, Cynthia Noble, Bruce Noble and Dorothy Ann Scott appeal the trial court's granting of the exception of prescription filed by Defendant-Appellee the Louisiana Department of Veterans Affairs d/b/a Northwest Louisiana Veterans Home (the "Veterans Home"). We dismiss this appeal for lack of appellate jurisdiction.

## FACTS

On February 10, 2020, Plaintiffs filed a complaint for medical malpractice. They alleged that Noble developed a stage IV decubitus ulcer and sustained a femoral fracture while living at the Veterans Home. They argued that the Veterans Home negligently failed to prevent Noble from acquiring the ulcer and sustaining the fracture, which caused him unnecessary pain, suffering and medical treatment.

On May 10, 2021, the Veterans Home filed a peremptory exception of prescription. It alleged that Noble began treatment for the ulcer on June 30, 2018; Plaintiffs learned of the ulcer on August 6, 2018; and Plaintiffs filed the complaint on February 10, 2020. It argued that because Plaintiffs filed their complaint more than one year after the discovery of the alleged act, omission or neglect, this claim prescribed and should be dismissed.

On June 21, 2021, Plaintiffs filed an opposition to the exception. They argued that this claim had not prescribed because the Veterans Home continuously breached its standard of care from June 30, 2018, to April 18, 2019, and that prescription was suspended during this time. They contended that prescription did not begin to run until April 18, 2019, i.e., the date of his

last treatment, or May 8, 2020, i.e., the date of his discharge from the Veterans Home. They also argued that their claim regarding Noble's femoral fracture had not prescribed.

On June 25, 2021, the Veterans Home filed a reply. It contended that Plaintiffs cannot establish a continuous tort because Noble was transferred to another facility in August 2018 for treatment of the ulcer. It also noted that its exception of prescription did not include Plaintiffs' claim regarding Noble's femoral fracture.

A hearing was held on June 29, 2021. The trial court determined that when Noble was transferred to another facility for treatment of the ulcer in August 2018, prescription began to run; and, therefore, the February 2020 complaint was not timely filed.

On July 22, 2021, the trial court filed a judgment and granted the exception of prescription. It found that Plaintiffs possessed sufficient knowledge to begin the prescriptive period on August 20, 2018, more than one year prior to the filing of their complaint on February 10, 2020. Pursuant to La. R.S. 9:5628, the trial court dismissed with prejudice Plaintiffs' claim concerning the ulcer.

On September 20, 2021, Plaintiffs filed a motion for devolutive appeal.

## DISCUSSION

The Veterans Home argues that the trial court's judgment on its exception of prescription is a nonappealable partial judgment and that this court does not have jurisdiction to consider the judgment. We agree.

A final judgment is appealable in all causes in which appeals are given by law. La. C.C.P. art. 2083(A). An interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083(C).

La. C.C.P. art. 1915(B) states:

(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, . . . the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the trial court granted the exception of prescription and dismissed with prejudice Plaintiffs' claim concerning the ulcer. This judgment is a partial judgment because it did not adjudicate all of the claims between the parties—the femoral fracture claim is still pending. This partial judgment is not an appealable judgment because the trial court did not designate it as a final judgment. *See Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 12-0906 (La. App. 4 Cir. 2/20/13), 155 So. 3d 560; *Massi v. Rome*, 08-1281 (La. App. 5 Cir. 6/23/09), 19 So. 3d 485.

Accordingly, this court lacks appellate jurisdiction to consider this matter.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed. The matter is remanded to the trial court for a complete disposition of the claims between the parties.

**APPEAL DISMISSED; REMANDED**.

3

**HUNTER, J., dissenting.**

I recognize the trial court did not designate the judgment as a final judgment. Nevertheless, this Court allowed this appeal to proceed, including continuing the matter from the June docket to the August docket, to the inconvenience of the parties.

In *Cariere v. The Kroger Store*, 50,637 (La. App. 2 Cir. 11/16/16), 208 So. 3d 987, the trial court granted a partial motion for summary judgment but did not designate the judgment as final and appealable. This Court allowed the appeal to proceed, stating:

> The trial court's judgment was a partial judgment and was not certified by the trial court as suitable for appeal pursuant to La. C.C.P. art. 1915(B). This court issued an order allowing the jurisdictional defect to be cured with an order of certification by the trial court. Such an order was obtained and filed in this court, allowing this appeal to proceed.

*Id.*, fn 1.

Pretermitting the merits of the instant case, rather than dismissing the appeal, I would allow the jurisdictional defect to be cured by procuring an order of certification from the trial court. Once such order is obtained and filed, this appeal should be allowed to proceed.

For this reason, I dissent.